**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- X

CARLY PISARRI, AUBILY REMUS JASMIN, :
JOSHUA BILMES, SAMANTHA FAHY, BARI :
LASKY, ELIZABETH PLESSER, PETR : Civil Action No.
PRIELOZNY, VADIM TERNOVSKI, and :
HELENA VON ROSENBERG, :
 :
     Plaintiffs, on behalf of themselves : **CLASS ACTION COMPLAINT**
     and all others similarly situated, :
 :
 -against- :
 : **Jury Trial Demanded**
TOWN SPORTS INTERNATIONAL, LLC and :
TOWN SPORTS INTERNATIONAL HOLDINGS, :
INC. d/b/a NEW YORK SPORTS CLUBS, :
BOSTON SPORTS CLUBS, WASHINGTON :
SPORTS CLUBS and PHILADELPHIA SPORTS :
CLUBS, :
 :
     Defendants. :
 :
-------------------------------------------------------------- X

  Plaintiffs Carly Pisarri, Aubily Remus Jasmin, Joshua Bilmes, Samantha Fahy, Bari Lasky, Elizabeth Plesser, Petr Prielozny, Vadim Ternovski and Helena Von Rosenberg, on behalf of themselves and the Class (defined below), allege against Defendants as follows:

<u>**NATURE OF THE CLAIMS**</u>

  1. New York Sports Clubs is the ubiquitous gym brand that boasts more members than any other gym across the state.  New York Sports Clubs is owned and operated by Town Sports International, LLC and/or Town Sports International Holdings, Inc. (together, "TSI"), which also own and operate Boston Sports Clubs, Washington Sports Clubs and Philadelphia Sports Clubs.  TSI, through each of these brands, has sold to hundreds of thousands of customers a "Passport Membership," which it has represented as providing "all access" to use and access "any TSI club at any time."  However, TSI has denied and continues to deny Passport Members

"all access" usage of its gyms.  TSI has attempted to re-brand many gyms as "Elite" or

"Flagship" and denied Passport Members access to these gyms – perhaps in an ill-advised effort

to create a false appearance that these gyms are "exclusive."  TSI has done this in an attempt to

generate more revenue by charging additional and/or premium fees for use of these locations.

Unfortunately, while lying to consumers may sometimes be useful to TSI for creating additional

revenue, it is unlawful.

2.     Plaintiffs Carly Pisarri and Aubily Remus Jasmin originally filed this action in

New York State Supreme Court on February 1, 2018, alleging TSI's violation of New York,

Massachusetts, Washington D.C. and Pennsylvania consumer fraud protection statutes.

Following the commencement of that action, Patrick Walsh – the Chief Executive Officer of TSI

– called Mr. Jasmin despite knowing Mr. Jasmin was represented by counsel and berated him for

bringing claims against TSI and attempted to get Mr. Jasmin to drop his claims.  Mr. Walsh also

repeatedly called Ms. Pisarri – whom he also knew was represented by counsel – despite the fact

that she was not picking up his calls.  Within days thereafter, TSI banned Ms. Pisarri and Mr.

Jasmin from entering its gym locations in retaliation for them having filed a consumer fraud

class action and in breach of TSI's contracts, policies and practices.

3.     Plaintiffs bring this action seeking declaratory, injunctive and monetary relief, on

behalf themselves and the Class, due to TSI's unlawful conduct in violation of New York

General Business Law ("GBL") §349; D.C. Consumer Protection Procedures Act §28-3901, *et

seq*. ("DCCPPA"); Pennsylvania Unfair Trade Practices & Consumer Protection Law, Tit. 73

§201-1, *et seq*. ("PUTPCPL"); Connecticut Unfair Trade Practices Act, §42-110, *et seq*.

("CUTPA"); Maryland Consumer Protection Act, §13-101, *et seq*. ("MCPA"); New Jersey

Consumer Fraud Act, §56:8-1, *et seq*. ("NJCFA"); Rhode Island Unfair Trade Practice and

Consumer Protection Act, §6-13.1-1, *et seq.* ("RIUTPCPA"); Virginia Consumer Protection Act of 1977, §59.1-196, *et seq.* ("VCPA") (collectively, "Consumer Fraud and Protection Statutes"); and/or for engaging in breach of contract and/or fraud as to hundreds of thousands of current and former TSI Passport Members.

## JURISDICTION AND VENUE

4.      The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of residence of the named parties.  The Court also has diversity jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d), because the proposed Class has more than 100 members, contains at least one member of diverse citizenship from Defendants and the amount in controversy exceeds $5 million.

5.      The Court has personal jurisdiction over Defendants because Defendants are authorized to and conduct substantial business in New York, generally, and in this District, specifically.  Defendants have their headquarters in this District, and Defendants' policies, practices and protocols relating to the issues in the case were made and acted upon within this District.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because a substantial part of the events giving rise to this action occurred in this District as Defendants' policies and practices were made and acted upon within this District.

7.      Plaintiffs will be sending to Defendants a demand letter pursuant to Section 93A of the Mass. Consumer Protection Act, M.G.L.A. c. 93A §§1 *et seq.* ("MGLA").  Plaintiffs reserve the right to amend this Complaint to include claims under the MGLA at the appropriate time.

8.      After commencement of this action, Plaintiffs shall deliver a copy of the Complaint to the Connecticut Attorney General and Commissioner of Consumer Protection pursuant to CUTPA § 42-110g(c).

9.      Within 10 days of the commencement of this action, Plaintiffs shall deliver a copy of the Complaint to the New Jersey Attorney General pursuant to NJCFA § 56:8-20.

10.     After commencement of this action, Plaintiffs shall deliver a copy of the Complaint to the Rhode Island Attorney General pursuant to RIUTPCPA § 6-13.1-5.2.

## PARTIES

11.     Plaintiff Carly Pisarri is an adult resident of New York County, New York.  Ms. Pisarri has been a Passport Member of TSI from approximately 2001 through the present.  Ms. Pisarri was told and/or led to believe that the Passport Membership would provide her with "all access" to any TSI gym location in exchange for an agreed-upon membership fee.  However, Ms. Pisarri has not been provided with "all access" to TSI's gym locations in exchange for the agreed-upon membership fee.  Shortly after this action was filed in New York State Supreme Court on February 1, 2018, Defendants retaliated against Ms. Pisarri by cancelling her membership and banning her from all TSI gym locations.

12.     Plaintiff Aubily Remus Jasmin is an adult resident of New York County, New York.  Mr. Jasmin has been a Passport Member of TSI from approximately 2009 through the present.  Mr. Jasmin was told and/or led to believe that the Passport Membership would provide him with "all access" to TSI's gym locations.  However, Mr. Jasmin has not been provided with "all access" to TSI's gym locations in exchange for the agreed upon membership fee.  Shortly after this action was filed in New York State Supreme Court on February 1, 2018, Defendants

retaliated against Mr. Jasmin by cancelling his membership and banning him from all TSI gym locations.

13.     Plaintiff Joshua Bilmes is an adult resident of New York County, New York.  Mr. Bilmes has been a Passport Member of TSI from approximately June 30, 2013 through the present.  Mr. Bilmes was told and/or led to believe that the Passport Membership would provide him with "all access" to TSI's gym locations.  However, Mr. Bilmes has not been provided with "all access" to TSI's gym locations in exchange for the agreed upon membership fee.

14.     Plaintiff Samantha Fahy is an adult resident of New York County, New York.  Ms. Fahy has been a Passport Member of TSI from approximately October 2010 through the present.  Ms. Fahy was told and/or led to believe that the Passport Membership would provide her with "all access" to TSI's gym locations.  However, Ms. Fahy has not been provided with "all access" to TSI's gym locations in exchange for the agreed upon membership fee.

15.     Plaintiff Bari Lasky is an adult resident of New York State.  Ms. Lasky has been a Passport Member of TSI from approximately October 15, 2015 through the present.  Ms. Lasky was told and/or led to believe that the Passport Membership would provide her with "all access" to TSI's gym locations.  However, Ms. Lasky has not been provided with "all access" to TSI's gym locations in exchange for the agreed upon membership fee.

16.     Plaintiff Elizabeth Plesser is an adult resident of New York County, New York.  Ms. Plesser has been a Passport Member of TSI from approximately March 6, 2013 through the present.  Ms. Plesser was told and/or led to believe that the Passport Membership would provide her with "all access" to TSI's gym locations.  However, Ms. Plesser has not been provided with "all access" to TSI's gym locations in exchange for the agreed upon membership fee.

17.     Plaintiff Petr Prielozny is an adult resident of New York County, New York.  Mr. Prielozny has been a Passport Member of TSI from approximately 2015 through November 2017.  Mr. Prielozny was told and/or led to believe that the Passport Membership would provide him with "all access" to TSI's gym locations.  However, Mr. Prielozny has not been provided with "all access" to TSI's gym locations in exchange for the agreed upon membership fee.

18.     Plaintiff Vadim Ternovski is an adult resident of New York County, New York.  Mr. Ternovski has been a Passport Member of TSI from approximately March 17, 2017 through the present.  Mr. Ternovski was told and/or led to believe that the Passport Membership would provide him with "all access" to TSI's gym locations.  However, Mr. Ternovski has not been provided with "all access" to TSI's gym locations in exchange for the agreed upon membership fee.

19.     Plaintiff Helena Von Rosenberg is an adult resident of New York County, New York.  Ms. Von Rosenberg has been a Passport Member of TSI from approximately 2006 through the present.  Ms. Von Rosenberg was told and/or led to believe that the Passport Membership would provide her with "all access" to TSI's gym locations.  However, Ms. Von Rosenberg has not been provided with "all access" to TSI's gym locations in exchange for the agreed upon membership fee.

20.     Defendant Town Sports International, LLC d/b/a New York Sports Clubs is a domestic limited liability company with its primary business being the running and operating of gyms under the brands New York Sports Clubs, Boston Sports Clubs, Washington Sports Clubs and Philadelphia Sports Clubs, and which has a principal place of business located at 5 Penn Plaza, 4th Floor, New York, New York 10001.

21.     Defendant Town Sports International Holdings, Inc. d/b/a New York Sports Clubs is a foreign corporation incorporated in Delaware with its primary business being the running and operating of gyms under the brands New York Sports Clubs, Boston Sports Clubs, Washington Sports Clubs and Philadelphia Sports Clubs, and which has a principal place of business located at 1001 US North Highway 1, Suite 201, Juniper, Florida 33477.

## FACTUAL ALLEGATIONS

### Class Allegations Under the Consumer Fraud and Protection Statutes

22.     Town Sports International, LLC is one of the largest owners/operators of fitness clubs in the country with approximately 544,000 current members of approximately 150 gyms located in New York, Massachusetts, Washington D.C., Pennsylvania, Connecticut, Maryland, New Jersey, Rhode Island and Virginia.[1]

23.     Among other properties and brands, TSI owns and operates approximately 102 gyms under the brand "New York Sports Club" ("NYSC"), 30 gyms under the brand "Boston Sports Club" ("BSC"), 10 gyms under the brand "Washington Sports Club" ("WSC") and five gyms under the brand "Philadelphia Sports Club" ("PSC").[2]  Certain of these gym locations are in the neighboring states of Connecticut, Maryland, New Jersey, Rhode Island and Virginia.

24.     TSI previously owned and operated a brand called "BFX Studio" ("BFX") which is no longer in existence, and those gym locations have been converted to NYSC gyms.

---

[1]     Information based on TSI's most recent Securities and Exchange Commission Form 10-K, filed February 22, 2017 (the "2016 Annual Report").  Available here: http://www.annualreports.com/HostedData/AnnualReports/PDF/NASDAQ_CLUB_2016.pdf.

[2]     Information based on offerings available at www.newyorksportsclubs.com/clubs.  Not all gyms are located in the city or state represented by the brand name.  For instance, certain BSC gyms are located outside of Boston and/or outside of Massachusetts.

25.     TSI's annual revenue is approximately $400,000,000 per year.  The bulk of TSI's revenue comes from monthly and/or annual membership fees charged to gym members.

26.     TSI has some of its gym members sign membership contracts.

27.     However, not all customers are asked to execute membership contracts.

28.     TSI offers different membership options, including, but not limited to, Single Club Membership and Passport Membership.

29.     While the Single Club Membership affords a member access to one "home" location only, the higher-priced Passport Memberships afford members "all-access" to TSI's many locations.[3]

30.     The Passport Membership is critical to TSI's business model, as the ability to up-sell customers to the higher-priced membership provides for substantially increased revenue.

31.     For this reason, among others, TSI intentionally clusters its gym locations in dense and concentrated markets where customers will see value paying a premium to be able to access numerous geographically-convenient gym locations.

32.     Approximately 45% of TSI's current members – or, approximately 243,000 members – have contracted with TSI and/or pay for the Passport Membership.

33.     The written membership agreements – where such agreements exist – between TSI and its Passport Members expressly state that its members shall have the right to enter and use any TSI club location.

---

[3]     According to the 2016 Annual Report, TSI also offers a Regional Passport Membership which provides for "all-access" within a particular geographic region.  TSI also offers a "Gold Membership" which is all-access, but limited to off-peak times.  For purposes of this Complaint, the term "Passport Membership" includes the Regional Passport Memberships and Gold Memberships.

34.     For instance, but only by way of example, Ms. Pisarri's contract provides that "*if you have a Passport membership, you may use any TSI club at any time*."

35.     Upon information and belief, TSI has used and uses the same and/or similar language in contracts with other Passport Members.

36.     However, not all Passport Members have actually agreed to written membership agreements, either because they were never asked to sign any such agreement or were never even shown the document.

37.     For those without written membership agreements, TSI has represented to its Passport Members that they shall have the right to enter and use any TSI club location at any time.

38.     Moreover, TSI has held out to the public – including Plaintiffs – that the Passport Membership provides for "all-access" to TSI's gym locations, including through statements on its website and advertisements.

39.     However, despite having contracted with and represented to its Passport Members to provide them with all-access to any and all TSI gym locations, TSI has not provided Passport Members with that agreed-upon scope of access.

40.     To the contrary, with some small exceptions, Passport Members have not been and are currently not permitted access to numerous TSI locations, including, but not limited to:

- Passport Members have not been and are not permitted access to the NYSC gym located at 4 Astor Place, New York, NY 10003.

- Passport Members have not been and are not permitted access to the NYSC gym located at 30 Broad Street, New York, NY 10005.

- Passport Members have not been and are not permitted access to the NYSC gym located at 113 East 23rd Street, New York, NY 10010.

- Passport Members have not been and are not permitted access to the NYSC gym located at 1637 Third Avenue (91st Street), New York, NY 10128.

- Passport Members have not been and are not permitted access to the BSC gym located at 100 Summer Street, Boston, MA 02110.

- Passport Members have not been and are not permitted access to the BSC gym located at 840 Winter Street, Waltham, MA 02451.

- Passport Members have not been and are not permitted access to the BSC gym located at 140 Great Plain Avenue, Wellesley, MA 02482.

Upon information and belief, there are additional TSI clubs that Passport Members have not been and/or are not permitted access.  Together, the above-referenced clubs are referred to herein as the "Inaccessible Clubs."

41.    TSI has denied and/or continues to deny Plaintiffs and all other Passport Members access to the Inaccessible Clubs.

42.    Instead, TSI requires payment of a single usage fee above and beyond the Passport Membership fees for Passport Members to access the Inaccessible Clubs.

43.    Upon information and belief, TSI reserves the right to deny Passport All-Access Members the right to enter any of the Inaccessible Clubs at its discretion.

44.    TSI has misled customers about the nature of the Passport Membership through misrepresentations in the membership agreements and misrepresentations on its website and advertisements.

45.    TSI's Passport Members – including Plaintiffs – have suffered monetary damages as a result of TSI's breach of its membership contracts and misleading and deceptive consumer practices, including but not limited to, increased membership costs based on promised access

10

that was not provided, fees paid for access to TSI's clubs that was never actually provided and additional fees paid to TSI for access to the Inaccessible Clubs.

**Retaliation and Further Fraud and Breach of Contract as to Ms. Pisarri and Mr. Jasmin**

46.     On February 1, 2018, Plaintiffs Carly Pisarri and Aubily Remus Jasmin filed a class action complaint in the New York State Supreme Court alleging TSI's violation of New York, Massachusetts, Washington D.C. and Pennsylvania consumer fraud protection statutes.

47.     On February 14, 2018, Patrick Walsh, the Chief Executive Officer of TSI, called Mr. Jasmin – despite knowing Mr. Jasmin was represented by counsel – and berated him for bringing claims against TSI and attempted to get Mr. Jasmin to drop his claims.

48.     On that same date, Mr. Walsh repeatedly called Ms. Pisarri – whom he also knew was represented by counsel – despite the fact that Ms. Pisarri was not picking up his calls.

49.     Upon information and belief, Mr. Walsh intended to berate Ms. Pisarri in the same way he did Mr. Jasmin.

50.     Within days thereafter, TSI banned Ms. Pisarri and Mr. Jasmin from entering its gym locations.

51.     Ms. Pisarri's contract with TSI states that TSI can only revoke her membership for specific enumerated reasons.  In particular, it states:

> 2.4   Revocation of Membership.   At the discretion of TSI, a membership may be revoked at any time or extension of a membership may be denied *if in the reasonable judgment of TSI the member consistently failed to observe the rules and regulations or has otherwise behaved in a manner contrary to the best interests of the club(s) or the club(s) members*.

(emphasis added).

52.     TSI's decision to ban Ms. Pisarri and Mr. Jasmin was done in retaliation for their decision to bring claims against TSI under the consumer protection statutes, and in breach of TSI's contracts, policies and practices.

53.     TSI's decision to ban Ms. Pisarri and Mr. Jasmin constitutes a further fraudulent and deceptive consumer practice as TSI has represented to customers that membership will not be revoked unless certain cause exists, but has revoked Ms. Pisarri and Mr. Jasmin's membership even without such cause.

## CLASS ACTION ALLEGATIONS

54.     Plaintiffs bring their claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and on behalf of all other similarly situated persons who are or have been Passport Members during the applicable statutory limitation periods (the "Class").

55.     The claims of the Class are the same as or substantially similar to those of Plaintiffs, and the Class, like Plaintiffs, have been subject to the same unlawful conduct.

56.     As a result of Defendants' conduct as alleged herein, Defendants have engaged in violations of GBL §349, DCCPPA, PUTPCPL, CUTPA, MCPA, NJCFA, RIUTPCPA, and VCPA, as well as breached contracts and/or engaged in fraudulent conduct.

57.     Defendants' violations of GBL §349, DCCPPA, PUTPCPL, CUTPA, MCPA, NJCFA, RIUTPCPA, and VCPA, as well as their breaches of contract and fraud have been willful, repeated, knowing, intentional and without a good faith basis, and have significantly damaged Plaintiffs and the Class.

58.     As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the Class for the full amount of any economic and monetary loss suffered by Plaintiffs and the Class,

the full value of the services Plaintiffs and the Class have been denied and/or not had access to, and any and all other actual, statutory or other applicable damages.

59.     Certification of the Class's claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiffs' claims and the claims of the Class.

60.     Plaintiffs have standing to seek such relief because of the adverse effect that Defendants' unlawful conduct has had on them individually and on members of the Class.

61.     Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

62.     Certification of the Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiffs, the Class and Defendants.

63.     Plaintiffs' claims raise questions of law and fact common to the Class.  Among these questions are:

a.      Whether Defendants contracted with Plaintiffs and the Class to provide Passport Members with all-access to TSI's clubs;

b.      Whether Defendants engaged in deceptive and/or misleading consumer conduct towards Plaintiffs and the Class on their website;

c.      Whether Defendants engaged in deceptive and/or misleading consumer conduct towards Plaintiffs and the Class in their advertisements and marketing materials;

d.      Whether Plaintiffs and/or the Class were and/or are denied access to Defendants' Inaccessible Clubs;

e.      Whether Defendants' unlawful conduct towards Plaintiffs and the Class constitutes breach of contract; and

   f. Whether Defendants' unlawful conduct towards Plaintiffs and the Class constitutes a violation of GBL §349, DCCPPA, PUTPCPL, CUTPA, MCPA, NJCFA, RIUTPCPA, and VCPA.

64. These common questions of law and fact arise from the same course of events, and each Class member will make similar legal and factual arguments to prove liability.

65. Plaintiffs are members of the Class that they seek to represent.

66. Plaintiffs' claims are typical of the claims of the Class.

67. The relief Plaintiffs seek for the unlawful conduct complained of herein is also typical of the relief sought on behalf of the Class.

68. Plaintiffs' interests are co-extensive with those of the Class that they seek to represent.

69. Plaintiffs are willing and able to represent the Class fairly and to vigorously pursue their similar individual claims in this action.

70. Plaintiffs have retained counsel who are qualified and experienced in class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.

71. Defendants have acted or refused to act on grounds generally applicable to the Class, making final injunctive and declaratory relief appropriate with respect to the Class.

72. Injunctive and declaratory relief is a significant component of the relief sought by Plaintiffs on behalf of themselves and the Class.

73. The common issues of fact and law affecting Plaintiffs' claims and those of the Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

74.     The Class is so numerous that joinder of all members is impracticable.  While the exact number of the Class is unknown at the present time, it is estimated that the Class is comprised of at least 250,000 members.

### FIRST CLAIM FOR RELIEF
**(New York General Business Law §349)**
*On Behalf of Plaintiffs and the Class*

75.     Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

76.     As alleged herein, Defendants have been engaged, and continue to engage, in consumer-oriented conduct towards Plaintiffs and the Class that was and continues to be false, misleading and deceptive in a material way.

77.     Plaintiffs and the Class suffered, and continue to suffer, damages as a result of the deceptive conduct alleged herein, including, but not limited to, the increased membership costs based on promised access that was not provided, fees paid for access to TSI's clubs that was never actually provided and additional fees paid to TSI for access to the Inaccessible Clubs.

78.     Defendants' conduct constitutes a willful violation of GBL §349.

### SECOND CLAIM FOR RELIEF
**(D.C. Consumer Protection Procedures Act §§28-3901, *et seq*.)**
*On Behalf of Plaintiffs and the Class*

79.     Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

80.     As alleged herein, Defendants misrepresented, and continue to misrepresent, a material fact which has misled, and continues to mislead, Plaintiffs and the Class.

81.     Plaintiffs and the Class suffered, and continue to suffer, damages as a result of the deceptive conduct alleged herein, including, but not limited to, the increased membership costs

based on promised access that was not provided, fees paid for access to TSI's clubs that was

never actually provided and additional fees paid to TSI for access to the Inaccessible Clubs.

82.      Defendants' conduct constitutes a willful violation of D.C. Consumer Protection

Procedures Act §§28-3901, *et seq.*

### THIRD CLAIM FOR RELIEF
**(Pennsylvania Unfair Trade Practices & Consumer Protection Law, Tit. 73 §201-1, *et seq.*)**
***On Behalf of Plaintiffs and the Class***

83.      Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by

reference all preceding paragraphs as if they were set forth again herein.

84.      Plaintiffs and the Class purchased goods and/or services from Defendants

primarily for their personal use.

85.      As alleged herein, Defendants have been engaged, and continue to engage, in

unfair and/or deceptive acts or practices or misrepresentations towards Plaintiffs and the Class

that were and continue to be false, misleading and deceptive in a material way.

86.      Plaintiffs and the Class suffered, and continue to suffer, damages as a result of the

deceptive conduct alleged herein, including, but not limited to, the increased membership costs

based on promised access that was not provided, fees paid for access to TSI's clubs that was

never actually provided and additional fees paid to TSI for access to the Inaccessible Clubs.

87.      Defendants' conduct constitutes a willful violation of Pennsylvania Unfair Trade

Practices & Consumer Protection Law, Tit. 73 §201-1, *et seq.*

### FOURTH CLAIM FOR RELIEF
**(Connecticut Unfair Trade Practices Act, §42-110, *et seq.*)**
***On Behalf of Plaintiffs and the Class***

88.      Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by

reference all preceding paragraphs as if they were set forth again herein.

89.     As alleged herein, Defendants have been engaged, and continue to engage, in unfair and/or deceptive acts or practices or misrepresentations towards Plaintiffs and the Class that were and continue to be false, misleading and deceptive in a material way.

90.     Plaintiffs and the Class suffered, and continue to suffer, damages as a result of the deceptive conduct alleged herein, including, but not limited to, the increased membership costs based on promised access that was not provided, fees paid for access to TSI's clubs that was never actually provided and additional fees paid to TSI for access to the Inaccessible Clubs.

91.     Defendants' conduct constitutes a willful violation of Connecticut Unfair Trade Practices Act, §42-110, *et seq.*

**FIFTH CLAIM FOR RELIEF**
**(Maryland Consumer Protection Act, §13-101,** *et seq.***)**
***On Behalf of Plaintiffs and the Class***

92.     Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

93.     As alleged herein, Defendants have been engaged, and continue to engage, in unfair and/or deceptive acts or practices or misrepresentations towards Plaintiffs and the Class that were and continue to be false, misleading and deceptive in a material way.

94.     Plaintiffs and the Class suffered, and continue to suffer, damages as a result of the deceptive conduct alleged herein, including, but not limited to, the increased membership costs based on promised access that was not provided, fees paid for access to TSI's clubs that was never actually provided and additional fees paid to TSI for access to the Inaccessible Clubs.

95.     Defendants' conduct constitutes a willful violation of Maryland Consumer Protection Act, §13-101, *et seq.*

### SIXTH CLAIM FOR RELIEF
**(New Jersey Consumer Fraud Act, §56:8-1, *et seq*.)**
***On Behalf of Plaintiffs and the Class***

96.     Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

97.     As alleged herein, Defendants have been engaged, and continue to engage, in unfair and/or deceptive acts or practices or misrepresentations towards Plaintiffs and the Class that were and continue to be false, misleading and deceptive in a material way.

98.     Plaintiffs and the Class suffered, and continue to suffer, damages as a result of the deceptive conduct alleged herein, including, but not limited to, the increased membership costs based on promised access that was not provided, fees paid for access to TSI's clubs that was never actually provided and additional fees paid to TSI for access to the Inaccessible Clubs.

99.     Defendants' conduct constitutes a willful violation of New Jersey Consumer Fraud Act, §56:8-1, *et seq*.

### SEVENTH CLAIM FOR RELIEF
**(Rhode Island Unfair Trade Practice and Consumer Protection Act, §6-13.1-1, *et seq*.)**
***On Behalf of Plaintiffs and the Class***

100.     Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

101.     As alleged herein, Defendants have been engaged, and continue to engage, in unfair and/or deceptive acts or practices or misrepresentations towards Plaintiffs and the Class that were and continue to be false, misleading and deceptive in a material way.

102.     Plaintiffs and the Class suffered, and continue to suffer, damages as a result of the deceptive conduct alleged herein, including, but not limited to, the increased membership costs

based on promised access that was not provided, fees paid for access to TSI's clubs that was never actually provided and additional fees paid to TSI for access to the Inaccessible Clubs.

103.    Defendants' conduct constitutes a willful violation of Rhode Island Unfair Trade Practice and Consumer Protection Act, §6-13.1-1, *et seq*.

## EIGHTH CLAIM FOR RELIEF
### (Virginia Consumer Protection Act of 1977, §59.1-196, *et seq*.)
### *On Behalf of Plaintiffs and the Class*

104.    Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

105.    As alleged herein, Defendants have been engaged, and continue to engage, in unfair and/or deceptive acts or practices or misrepresentations towards Plaintiffs and the Class that were and continue to be false, misleading and deceptive in a material way.

106.    Plaintiffs and the Class suffered, and continue to suffer, damages as a result of the deceptive conduct alleged herein, including, but not limited to, the increased membership costs based on promised access that was not provided, fees paid for access to TSI's clubs that was never actually provided and additional fees paid to TSI for access to the Inaccessible Clubs.

107.    Defendants' conduct constitutes a willful violation of Virginia Consumer Protection Act of 1977, §59.1-196, *et seq*.

## NINTH CLAIM FOR RELIEF
### (Breach of Contract)
### *On Behalf of Plaintiffs and the Class*

108.    Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

109.    As alleged herein, Defendants entered into contracts (both written and unwritten) with Plaintiffs and the Class to provide services to Plaintiffs and the Class in exchange for monetary consideration.

110.    As alleged herein, Defendants agreed to provide all Passport Members with access to all of TSI's gym locations at any time.

111.    As alleged herein, Defendants have breached their contracts with Plaintiffs and the Class by denying access and/or not permitting access to the Inaccessible Clubs.

112.    As a result of Defendants' breach, Plaintiffs and the Class have suffered, and continue to suffer, damages, including, but not limited to, the increased membership costs based on promised access that was not provided, fees paid for access to TSI's clubs that was never actually provided and additional fees paid to TSI for access to the Inaccessible Clubs.

<u>**TENTH CLAIM FOR RELIEF**</u>
**(Fraud)**
*On Behalf of Plaintiffs and the Class*

113.    Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

114.    As alleged herein, Defendants engaged in fraudulent conduct by knowingly and/or intentionally making false and misleading statements to Plaintiffs and the Class, that the Passport Membership provided all-access to TSI's gym locations.

115.    As alleged herein, Defendants' statements about the nature of the Passport Membership were and are false statements.

116.    As alleged herein, Plaintiffs and the Class reasonably and justifiably relied on Defendants' false and misleading statements, to their detriment, including, but not limited to, by paying membership dues and paying additional fees for access to the Inaccessible Clubs.

117.    As alleged herein, Plaintiffs and the Class have suffered, and continue to suffer, damages as a result of Defendants' fraudulent conduct, including, but not limited to, the increased membership costs based on promised access that was not provided, fees paid for access to TSI's clubs that was never actually provided and additional fees paid to TSI for access to the Inaccessible Clubs.

## ELEVENTH CLAIM FOR RELIEF
**(Retaliation and Further Violations of the Consumer Fraud and Protection Statutes[4])**
*On Behalf of Plaintiffs Carly Pisarri and Aubily Remus Jasmin*

118.    Plaintiffs Carly Pisarri and Aubily Remus Jasmin reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

119.    As alleged herein, Defendants have deliberately and maliciously retaliated against Plaintiffs Carly Pisarri and Aubily Remus Jasmin for filing a class action against Defendants by cancelling their membership agreements and banning them from all TSI gym locations.

120.    As alleged herein, as alleged herein, Defendants have engaged, and continue to engage, in unfair and/or deceptive acts or practices or misrepresentations towards Plaintiffs by banning them from all their gym locations without proper cause.

121.    As a result of Defendants' conduct, Plaintiffs and the Class have suffered damages for which they are entitled to injunctive relief and damages to the greatest extent permitted by law.

## TWELFTH CLAIM FOR RELIEF
**(Breach of Contract)**
*On Behalf of Plaintiffs Carly Pisarri and Aubily Remus Jasmin*

122.    Plaintiffs Carly Pisarri and Aubily Remus Jasmin reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

---

[4]     As defined above.

123.    As alleged herein, Defendants entered into contracts (both written and unwritten) with Plaintiffs Carly Pisarri and Aubily Remus Jasmin to provide services to them in exchange for monetary consideration.

124.    As alleged herein, Defendants agreed not to revoke Plaintiffs memberships unless they "consistently failed to observe the rules and regulations or has otherwise behaved in a manner contrary to the best interests of the club(s) or the club(s) members."

125.    As alleged herein, Defendants have breached their contracts with Plaintiffs by revoking Plaintiffs' memberships in retaliation for Plaintiffs filing a lawsuit against Defendants, and without the necessary cause as defined by TSI's contracts, policies and practices.

126.    As a result of Defendants' breach, Plaintiffs and the Class have suffered damages for which they are entitled to injunctive relief and damages to the greatest extent permitted by law.

### THIRTEENTH CLAIM FOR RELIEF
### (*Prima Facie* Tort)
### *On Behalf of Plaintiffs Carly Pisarri and Aubily Remus Jasmin*

127.    Plaintiffs Carly Pisarri and Aubily Remus Jasmin reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

128.    As alleged herein, Defendants have deliberately and maliciously retaliated against Plaintiffs Carly Pisarri and Aubily Remus Jasmin for bringing a lawsuit against Defendants by cancelling their membership agreements and banning them from all TSI gym locations.

129.    There is no excuse or justification for Defendants malicious and retaliatory behavior towards Plaintiffs Carly Pisarri and Aubily Remus Jasmin.

130.     As a direct and proximate result of Defendants' unlawful and retaliatory conduct, Plaintiffs Carly Pisarri and Aubily Remus Jasmin have suffered and continue to suffer special damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Class, respectfully requests that this Court:

A.     Declare that the practices complained of herein are unlawful;

B.     Enjoin Defendants from continuing to engage in unlawful practices;

C.     Enjoin Defendants from retaliating against Plaintiffs and Class members;

D.     Certify this action as a class action pursuant to Fed. R. Civ. P. 23;

E.     Designate Plaintiffs as representatives of the Class;

F.     Designate Plaintiffs' counsel as counsel of record for the Class;

G.     Determine the damages sustained by Plaintiffs and the Class as a result of Defendants' unlawful conduct, and award those damages against Defendants and in favor of the Plaintiffs and the Class, plus such pre-judgment and post-judgment interest as may be allowed;

H.     Award Plaintiffs and the Class any applicable statutory damages;

I.     Award Plaintiffs and the Class any and all other applicable damages;

J.     Award Plaintiffs and the Class their reasonable attorneys' fees and costs; and

K.     Grant Plaintiffs and the Class such other and further relief that the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs, on behalf of themselves and the Class, hereby demand a trial by jury on all

issues of fact and damages.

Dated: February 26, 2018
      New York, New York               Respectfully submitted,

               **WIGDOR LLP**

By: _____
      David E. Gottlieb
      Taylor J. Crabill (*admission pending*)

85 Fifth Avenue
New York, NY 10003
Telephone:  (212) 257-6800
Facsimile:  (212) 257-6845
dgottlieb@wigdorlaw.com
tcrabill@wigdorlaw.com

*Attorneys for Plaintiffs and
Proposed Class Counsel*