# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CARLY PISARRI and AUBILY REMUS JASMIN, JOSHUA BILMES, SAMANTHA FAHY, BARI LASKY, ELIZABETH PLESSER, PETR PRIELOZNY, VADIM TERNOVSKI, and HELENA VON ROSENBERG,<br><br>        Plaintiffs, on behalf of themselves and all others similar situated,<br><br>  -against-<br><br>TOWN SPORTS INTERNATIONAL, LLC and TOWN SPORTS INTERNATIONAL HOLDINGS, INC. d/b/a NEW YORK SPORTS CLUBS, BOSTON SPORTS CLUBS, WASHINGTON SPORTS CLUBS and PHILADELPHIA SPORTS CLUBS,<br><br>        Defendants. | Civil Action No. 18-cv-01737-LLS-KNF |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE PLAINTIFFS' CLASS ACTION COMPLAINT
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6)**

---

### GORDON REES SCULLY MANSUKHANI, LLP
*Attorneys for Defendants Town Sports International, LLC, Town Sports International Holdings, Inc. d/b/a New York Sports Clubs, Boston Sports Clubs, Washington Sports Clubs and Philadelphia Sports Clubs*
18 Columbia Turnpike, Suite 220
Florham Park, New Jersey 07932
Phone: (973) 549-2500
Fax: (973) 377-1911

Of Counsel and on the Brief:
  Peter G. Siachos, Esq.
  Donald Derrico, Esq.
  Matthew P. Gallo, Esq.

## TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ................................................................1

STATEMENT OF FACTS ....................................................................3

PROCEDURAL HISTORY....................................................................7

LEGAL ARGUMENT..........................................................................9

    POINT I     STANDARD OF REVIEW ..............................................9

          A.    Fed. R. Civ. P. 12(b)(6)..................................................9

          B.    Fed. R. Civ. P. 9(b) ...................................................10

    POINT II    PLAINTIFFS DO NOT HAVE STANDING TO BRING
                 CLAIMS ON BEHALF OF THEMSELVES OR
                 PUTATIVE CLASS MEMBERS IN WASHINGTON D.C.,
                 PENNSYLVANIA, CONNECTICUT, MARYLAND, NEW
                 JERSEY, RHODE ISLAND, AND VIRGINIA ...........................10

          A.    Plaintiffs Lack Standing Because They Fail To Allege
                    That TSI Invaded A Legally Protected Interest That Is
                    Concrete And Particularized .....................................11

          B.    Plaintiffs Lack Standing Because There Is No Causal
                    Relationship Between Plaintiffs' Alleged Injury And
                    TSI's Conduct ........................................................12

          C.    Plaintiffs Lack Standing Because They Cannot Assert
                    The Rights Of Third Parties ......................................13

    POINT III   PLAINTIFFS' CLAIMS ARE NOT RIPE UNDER
                 ARTICLE III ...........................................................14

    POINT IV   PLAINTIFFS' N.Y. GEN. BUS. L. § 349 CLAIM FAILS
                 AS A MATTER OF LAW AND MUST BE DISMISSED..........15

A.   Plaintiffs Fail To Plead A Claim Under N.Y. Gen. Bus. L. §349(a) Because TSI Did Not Mislead Plaintiffs In A Material Way ......................................................................16

B.   Plaintiffs Fail To Plead A Claim Under N.Y. Gen. Bus. L. §349(a) Because Plaintiffs Do Not Plead An Actual Injury .......................................................................18

POINT V   PLAINTIFFS' VIOLATION OF THE DCCPPA CLAIM FAILS AS A MATTER OF LAW AND MUST BE DISMISSED ....................................................................18

POINT VI   PLAINTIFFS' PUTPCPL CLAIM FAILS AS A MATTER OF LAW AND MUST BE DISMISSED BECAUSE IT IS LEGALLY DEFICIENT AND IS BARRED BY THE ECONOMIC LOSS DOCTRINE ..................................................20

A.   Plaintiff's PUTPCPL Claim Must be Dismissed Because Plaintiffs Do Not Allege Justifiable Reliance ..........................20

B.   The Economic Loss Doctrine Bars Any Recovery Under the PUTPCPL .......................................................................22

POINT VII   PLAINTIFFS' CUTPA CLAIM MUST BE DISMISSED BECAUSE TSI'S CONDUCT IS NOT UNFAIR UNDER CUTPA AND PLAINTIFFS CANNOT SHOW AN ASCERTAINABLE LOSS. ..............................................................22

A.   Plaintiffs Fail To Plead That An Unscrupulous Act Caused Plaintiffs An Injury Under CUTPA ............................22

B.   Plaintiffs Fail To Plead An Ascertainable Loss Under CUTPA .......................................................................24

POINT VIII   PLAINTIFFS' MCPA CLAIM FAILS AS A MATTER OF LAW AND MUST BE DISMISSED ...........................................25

A.   Plaintiffs Fail To Plead A Claim Under Md. Code Ann., Com. Law § 13-301 Because The Alleged Fraud Did Not Occur In Maryland ..................................................................25

B.    Plaintiffs Fail To Plead A Deceptive Act With The Requisite Specificity Under Md. Code Ann., Com. Law § 13-301 ...............................................................................26

C.    Plaintiffs Fail To Plead The Requisite Scienter Under Md. Code Ann., Com. Law § 13-301(9)....................................28

POINT IX    PLAINTIFFS' NJCFA CLAIM FAILS AS A MATTER OF LAW AND MUST BE DISMISSED...............................................28

A.    The New Jersey Consumer Fraud Act Is Inapplicable .............30

B.    Plaintiff Cannot Establish Unlawful Conduct ..........................30

C.    TSI's Conduct Was Not Material To Plaintiffs' Transaction.................................................................................30

D.    Plaintiffs Cannot Plead That They Suffered An Ascertainable Loss ....................................................................31

POINT X    PLAINTIFFS' RIUTPCPA CLAIM FAILS AS A MATTER OF LAW AND MUST BE DISMISSED BECAUSE TSI HAS NOT COMMITTED AN UNFAIR PRACTICE AND PLAINTIFFS SUFFER NO ASCERTAINABLE LOSS .............33

A.    Plaintiffs Have Not Pleaded Facts That Show TSI's Conduct Was Unfair Or Material Under RIUTPCPA .............33

B.    Plaintiffs Cannot Show An Ascertainable Loss Under RUITPCPA ................................................................................34

POINT XI    PLAINTIFFS' VCPA CLAIM FAILS AS A MATTER OF LAW AND MUST BE DISMISSED BECAUSE PLAINTIFFS DID NOT RELY ON A FRAUDULENT ACT AND DID NOT SUFFER A LOSS ......................................35

A.    Plaintiffs Did Not Rely On Any TSI Misrepresentation ..........35

B.    Plaintiffs Suffered No Loss As A Result Of TSI's Conduct .....................................................................................36

POINT XII  PLAINTIFFS' BREACH OF CONTRACT CLAIMS FAIL
BECAUSE TSI PERFORMED UNDER THE
APPLICABLE AGREEMENTS ....................................................37

    A.    Plaintiffs' Breach of Contract Claim Fails As a Matter of
Law........................................................................................37

    B.    Plaintiffs Carly Pisarri and Aubily Jasmin's
Individualized Claims For Breach of Contract Claim Fail
As a Matter of Law .................................................................38

POINT XIII PLAINTIFFS' COMMON LAW FRAUD CLAIM FAILS
AS A MATTER OF LAW BECAUSE THE COMPLAINT
FAILS TO SATISFY THE HEIGHTENED PLEADING
STANDARD OF FRCP 9(B) .....................................................40

    A.    Plaintiffs Fail To Plead A False Representation Of Fact..........40

    B.    Plaintiffs Fail to Establish That TSI Intended To Defraud
Them .......................................................................................41

POINT XIV PLAINTIFFS' RETALIATION CLAIM FAILS AS A
MATTER OF LAW AND MUST BE DISMISSED....................41

POINT XV  PLAINTIFFS' PRIMA FACIE TORT CLAIM FAILS AS A
MATTER OF LAW AND MUST BE DISMISSED....................42

CONCLUSION ........................................................................................44

## **TABLE OF AUTHORITIES**

### Cases

*Abbott Labs. v. Gardner*,
    387 U.S. 136, 87 S. Ct. 1507, 1515 (1967) ..........................................................14

*Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*,
    2015 NY Slip Op 25274, 49 Misc. 3d 1027, 19 N.Y.S.3d 850 (Sup. Ct.).... 15, 17

*Abdullahi v. Pfizer, Inc.*,
    562 F.3d 163 (2d Cir. 2009) ..................................................................................9

*Adams v. NVR Homes, Inc.*,
    135 F. Supp. 2d 675 (D. Md. 2001) ....................................................... 26, 27, 28

*Altman v. Bayer Corp.*,
    125 F. Supp. 2d 666 (S.D.N.Y. 2000)..................................................................15

*Am. Corp. Soc'y v. Valley Forge Ins. Co.*,
    424 F. App'x 86 (3d Cir. 2011)............................................................................29

*Anwar v. Fairfield Greenwich Ltd.*,
    831 F. Supp. 2d 787 (S.D.N.Y. 2011)..................................................................17

*Artie's Auto Body, Inc. v. Hartford Fire Ins. Co.*,
    287 Conn. 208 (2008)...........................................................................................24

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .........................................................................................9, 21

*Authors Guild, Inc. v. HathiTrust*,
    755 F.3d 87 (2d Cir. 2014) ..................................................................................14

*Bear, Stearns Funding, Inc. v. Interface Grp. -- Nev., Inc.*,
    361 F. Supp. 2d 283 (S.D.N.Y. 2005)..................................................................43

*Bell Atlantic Corp. v. Twombly.*,
    550 U.S. 544 (2007) .........................................................................................9, 21

*Bosland v. Warnock Dodge, Inc.*,
    197 N.J. 543 (2009)..............................................................................................29

*Cole v. Laughrey Funeral Home*,
  376 N.J. Super. 135 (App. Div. 2005)....................................................................32

*Consumer Prot. Div. v. Outdoor World Corp.*,
  91 Md. App. 275 (1992) ........................................................................................26

*Cooper v. GGGR Invs., LLC*,
  334 B.R. 179 (E.D. Va. 2005) ...............................................................................35

*Cox v. Sears Roebuck & Co.*,
  138 N.J. 2 (N.J. 1994)...........................................................................................30

*Dabush v. Mercedes-Benz USA, LLC*,
  378 N.J. Super. 105 (App. Div. 2005)....................................................................29

*DepoLink Court Reporting & Litig. Support Servs. v. Rothman*,
  430 N.J. Super. 325 (App. Div. 2013)........................................................... 29, 31

*Elyazidi v. SunTrust Bank*,
  780 F.3d 227 (4th Cir. 2015).................................................................................25

*Frederico v. Home Depot*,
  507 F.3d 188 (3d Cir. 2007) ..................................................................................30

*Freihofer v. Hearst Corp.*,
  65 N.Y.2d 135 (1985)............................................................................................42

*Friends of the Earth, Inc.*,
  528 U.S. 167 (2000) ..............................................................................................11

*Friest v. Luxottica Grp. S.P.A.*,
  2016 U.S. Dist. LEXIS 174955 (D.N.J. Dec. 16, 2016) .......................................30

*Gavin v. AT&T*,
  543 F.Supp.2d 885 (N.D. Ill 2008)........................................................................10

*Gennari v. Weichert Co. Realtors*,
  148 N.J. 582 (1997) ..............................................................................................30

*Golden v. Hamer*,
  2009 Conn. Super. LEXIS 2309 (Conn. Super. Aug. 25, 2009)............................24

*Golt v. Phillips,*
   308 Md. 1 (1986) .................................................................................................27

*Goodfellow v. Allstate Indem. Co.*,
   No. 14-CV-642S, 2014 U.S. Dist. LEXIS 177835 (W.D.N.Y. Dec. 27,
   2014) .................................................................................................................42

*Haley v. Corcoran*,
   659 F.Supp.2d at 721 (D.Md. 2009)...................................................................27

*Hayes v. Hambruch*,
   841 F. Supp. 706 (D. Md. 1994) ........................................................................27

*Hazelhurst v. Brita Prods. Co*.,
   295 A.D.2d 240, 744 N.Y.S.2d 31 (App. Div. 2002)........................................16

*Hoffman v. Hampshire Labs, Inc.*,
   405 N.J. Super. 105 (Super. Ct. App. Div. 2009)...................................... 29, 32

*Joaquin v. Lonstein Law Office, P.C.*,
   Civil Action No. 15-8194 (MAS) (DEA), 2017 U.S. Dist. LEXIS 99466
   (D.N.J. June 27, 2017).......................................................................................29

*Kottler v. Deutsche Bank AG*,
   607 F. Supp. 2d 447 (S.D.N.Y. 2009) ........................................................ 10, 40

*Kowalski v. Tesmer*,
   543 U.S. 125 (2004) ...........................................................................................14

*Laccinole v. Twin Oaks Software Dev., Inc.*,
   2014 U.S. Dist. LEXIS 73879 (D.R.I. May 1, 2014)........................................35

*Lee v. City of Chicago*,
   330 F.3d 456 (7th Cir. 2003.) ............................................................................11

*Lehnert v. Town Sports International, LLC, et al.*,
   No. 18-cv-02705 (MKB)(RLM) (E.D.N.Y. May 7, 2018) ...............................39

*Long v. Dell, Inc.*,
   93 A.3d at 1003 .................................................................................................34

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ...........................................................................................11

*Luskin's, Inc. v. Consumer Prot. Div.*,
   353 Md. 335, 726 A.2d 702 (1999) ....................................................27

*Mann v. TD Bank, N.A.,*
   2010 WL 4226526 (D.N.J. Oct. 20, 2010) ...........................................33

*Martin Hilti Family Tr. v. Knoedler Gallery, LLC*,
   137 F. Supp. 3d 430 (S.D.N.Y. 2015) ........................................... 10, 40

*McGuckin v. Allstate Fire & Cas. Ins. Co.,*
   118 F. Supp. 3d 716 (E.D. Pa. 2015)....................................................22

*Murphy v. Capella Educ. Co.,*
   589 F. App'x 646 (4th Cir. 2014) .........................................................36

*Noise in The Attic Prods., Inc. v London Records*,
   10 A.D.3d 303 (1st Dep't. 2009)...........................................................37

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
   85 N.Y.2d 20 (1995)..............................................................................15

*Ovitz v. Bloomberg L.P.*,
   2012 NY Slip Op 2249, 18 N.Y.3d 753 .............................................16

*Owens v. DRS Auto. Fantomworks, Inc.*,
   288 Va. 489 (2014)......................................................................... 35, 36

*Polk v. Crown Auto, Inc.*,
   228 F.3d 541 (4th Cir. 2000) ...............................................................36

*Pujals v. Standard Chartered Bank*,
   533 F. App'x 7 (2d Cir. 2013) .............................................................17

*Seldon v. Home Loan Servs.*,
   647 F.Supp.2d 451 (E.D. Pa.2009).......................................................20

*Siegel v. Landy*,
   2006 NY Slip Op 8235, 34 A.D.3d 556, 824 N.Y.S.2d 404 (App. Div.) ............15

*Simon v. E. Ky. Welfare Rights Org.*,
   426 U.S. 26 (1976) ...............................................................................10

*Slapikas v. First Am. Title Ins. Co.*,
  298 F.R.D. 285 (W.D. Pa. 2014) ..........................................................................20

*Slemmer v. McGlaughlin Spray Foam Insulation, Inc.*,
  No. 12–6542, 2013 WL 3380590 (E.D. Pa. July 8, 2013) ...................................20

*Small v. Lorillard Tobacco Co.*,
  94 N.Y.2d 43 (1999)..............................................................................................16

*Spaulding v. Wells Fargo Bank, N.A.*,
  920 F. Supp. 2d 614 (D. Md. 2012) ....................................................................27

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ..........................................................................................11

*State ex rel. Gildar v. Kriss*,
  191 Md. 568, 62 A.2d 568 (Md. 1948) ...............................................................25

*Stevelman v. Alias Research, Inc.*,
  174 F.3d 79 (2d Cir. 1999) ...................................................................................10

*Stutman v. Chem. Bank*,
  95 N.Y.2d 24 (2000)...................................................................................... 15, 16

*Thiedemann v. Mercedes-Benz USA, LLC*,
  183 N.J. 234 (2005) ...............................................................................................32

*Three Deer Assocs. v. Yankee Gas Serv. Co.*,
  1995 Conn. Super. LEXIS 1314 (Super. Ct. May 1, 1995) ...............................24

*Toy v. Metro. Life Ins. Co.*,
  928 A.2d 186 (Pa. 2007).......................................................................................20

*U.S. Bank Nat. Ass'n v. Ables & Hall Builders*,
  582 F. Supp. 2d 605 (S.D.N.Y. 2008) ...................................................................9

*Ventres v. Goodspeed Airport, LLC*,
  275 Conn. 105 (2005).............................................................................................23

*Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*,
  517 F.3d 104 (2d Cir. 2008) ...................................................................................9

*Vigiletti v. Sears, Roebuck & Co.*,
  2007 NY Slip Op 6110, 42 A.D.3d 497, 838 N.Y.S.2d 785 (App. Div.) ............16

*Weinberg v. Sprint Corp.*,
  173 N.J. 233 (2002) ........................................................................................31

*Werwinski v. Ford Motor Co.*,
  286 F.3d 661 (3d Cir. 2002) ...........................................................................22

*Yocca v. Pittsburgh Steelers Sports, Inc.*,
  854 A.2d 425 (Pa. 2004)..................................................................................20

*Zeebaas, LLC v. Koelewyn*,
  2012 U.S. Dist. LEXIS 84665 (D. Conn. June 19, 2012) ............................. 23, 24

**Statutes**

15 U.S.C. § 45 ..................................................................................................34

73 Pa. Stat. § 201–3 .........................................................................................20

Conn. Gen. Stat. § 42-110b..............................................................................23

D.C. Code § 28-3904 ........................................................................................19

MCPA § 13-301 ................................................................................................27

N.J.S.A. § 56:8-19.........................................................................................31, 32

N.J.S.A. § 56:8-2..............................................................................................29

N.Y. Gen. Bus. L. §349 ................................................................................15, 18

RIUTPCPA § 6-13.1-3.......................................................................................34

RIUTPCPA § 6-13-1-1 ......................................................................................34

VCPA § 59.1-204..............................................................................................36

**Rules**

Fed. R. Civ. P. 12 ..........................................................................................1, 44

Fed. R. Civ. P. 9 .........................................................................................1, 10, 40

## PRELIMINARY STATEMENT

Defendants Town Sports International, LLC and Town Sports International Holdings, Inc. d/b/a New York Sports Clubs, Boston Sports Clubs, Washington Sports Clubs and Philadelphia Sports Clubs (collectively, "TSI") submit this Memorandum of Law in Support of their Motion to Dismiss the Class Action Complaint ("Complaint") of Plaintiffs Carly Pisarri, Aubily Remus Jasmin, Joshua Bilmes, Samantha Fahy, Bari Lasy, Elizabeth Plesser, Petr Prielozny, Vadim Ternovski, and Helena Von Rosenberg ("Plaintiffs"), pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

In describing Plaintiffs' class action Complaint, the "kitchen-sink" approach is an understatement.  Not only do Plaintiffs allege that TSI violated eight different state consumer protection statutes, but they also conjure up a cause of action for "common law retaliation" that even the savviest and most experienced litigators would balk at.  In short, Plaintiffs have run afoul of the pleading standards as articulated in *Twombly* and *Iqbal* and the heightened pleading standing of Fed. R. Civ. P. 9(b).

After sifting through the repetitious and contrived allegations in Plaintiffs' Complaint, its essence can be stripped down to these two claims: (1) Plaintiffs were deceived into purchasing Passport Memberships that do not permit access to TSI's "Elite" clubs; and (2) TSI retaliated against Plaintiffs by revoking their memberships after filing this class action Complaint. Incredibly, Plaintiffs ignore the fact that when they agreed to join as New York Sports Club members, there were no distinctions among TSI's clubs, including the classification of "Elite" clubs.   Rather, Plaintiffs could enter any and all TSI clubs in existence, without issue.  There is simply nothing deceiving about TSI's clubs, or their member agreements.

But as of 2017, TSI opened new, high-end "Elite" clubs that were not included as part of their passport membership – or more important for purpose of this motion – not in existence when Plaintiffs signed their membership agreements.  As a result, Plaintiffs, all of whom signed up prior to 2017, with the exception of Vadim Ternovski, could not have possibly been deceived or mislead by TSI.   With regard to Ternovski, his consumer fraud claim still fails because TSI conspicuously advised members on their website that these "Elite" clubs are not included as part of the "Passport Membership," but are available for an additional fee.     Because Plaintiff Ternovski alleges that he was deceived by TSI's website, his claims must be dismissed.

Even if the Court finds that TSI's website did not provide Plaintiffs with notice of the clubs excluded from the "Passport Membership," which TSI vehemently denies, Plaintiffs, all of whom reside in New York, do not allege that they visited or paid the additional fee to access these "Elite" clubs.  The Complaint is anything but a model of clarity, and impossible to decipher how Plaintiffs were allegedly misled or deceived.  Essentially, Plaintiffs are claiming they have suffered an injury as a byproduct of TSI's decision to add "Elite" clubs.

Plaintiffs' breach of contract claims are equally unpersuasive.  Plaintiffs assert two theories of contractual liability: (1) TSI breached their membership agreements by not providing "all access" to their clubs; and (2) TSI breached their membership agreement by terminating the contracts of Plaintiffs Carly Pisarri and Aubily Jasmin without "cause."  First, while Plaintiffs are quick to allege a breach, they overlook one substantial fact: no agreement expressly grants Plaintiffs the right to access all of TSI's gyms.  It is unclear why Plaintiffs presume their memberships included an "all access" right.  Simply put, TSI cannot breach a contractual provision that does not exist.  In fact, the very same agreements which Plaintiffs rely on, clearly provided that TSI may charge additional fees for clubs that are outside each member's plan.  If

Plaintiffs are surprised that additional fees are required to access "Elite" clubs, they need look no further than the membership contracts they agreed to.

Next, Plaintiffs Pisarri and Jasmin's breach of contract claims are eviscerated by the fact that they executed at-will agreement. Simply stated, Plaintiffs entered into at-will contracts with TSI that could be terminated by either party. In other words, Plaintiffs could cancel their memberships at any time, and likewise, if TSI wished to terminate one of their member's agreements, they could do so. The plain language of the agreements allows TSI the right to terminate, at their sole discretion, any membership. TSI exercised their very right in terminating Pisarri's and Jasmin's agreements.

Finally, Plaintiffs' contrived *prima facie* tort claim and "retaliation" claim must be dismissed. There simply is no cognizable claim for "retaliation" outside the employment context. Plaintiffs were never employed by TSI, and as a result, have suffered no adverse action. To the extent Plaintiffs argue that retaliation claims should extend to a consumer-merchant relationship, this argument is also unsupported and must be dismissed. As Plaintiffs continued to act to the detriment of TSI, slander TSI clubs to other members, and mine for absent class members, TSI had no choice but to terminate their agreements.

For the reasons set forth above, TSI's motion to dismiss Plaintiffs' class action Complaint, for failure to state a claim, should be granted.

## STATEMENT OF FACTS

TSI is a publicly-traded company that owns and operates gym locations throughout the Northeast of the United States in New York, Boston, Washington D.C., and Philadelphia with over 544,000 current members. *See* Declaration of Peter Siachos ("Siachos Decl."), Exhibit A, Complaint ("Compl.") ¶¶ 1, 22. TSI, through each of these brands, has sold hundreds of

thousands of customers "Passport Memberships." *Id.* However, Plaintiffs' Order to Show Cause and Complaint contends that TSI has not granted Passport Members access to all gyms, and instead, has denied access to TSI's "Elite" or "flagship" clubs, requiring them to pay an additional fee to access these particular clubs only. *Id.* Plaintiffs contend that TSI has denied access to these "Elite" or "flagship" clubs to create a false appearance that these gyms are "exclusive." *Id.* It is thus alleged that TSI has consummated this deceptive and misleading plan to generate more revenue charging additional and/or premium fees, while denying passport members the right to use these exclusive clubs.

**TSI's Membership Options**

Plaintiffs alleges that TSI offers many different membership options to their consumers, including, but not limited to (1) single memberships for one "home" location only; (2) regional passport memberships which provide for all-access within a particular geographic region; (3) gold memberships which is all-access, but limited to off-peak times; and (4) the higher-priced passport memberships which provide access to all of TSI's clubs. Compl. ¶¶ 28-30. It is also alleged that members can buy memberships to the "Elite" or "flagships" clubs. *Id.* at ¶ 1. As alleged in the Complaint, the Plaintiffs' claims and putative class members' claims include regional memberships, gold memberships, and passport memberships (collectively "Passport Memberships" or "Passport Members"). The Passport Memberships are higher-priced than the single memberships and permit TSI to collect increased revenue. *Id.* at ¶ 30.

**Plaintiffs' Agreements with TSI**

Plaintiffs allege that they entered into membership agreements with TSI which permitted them to use any TSI club. Compl. ¶ 33. Specifically, Plaintiffs allege that Pisarri became a member in 2001, Von Rosenberg in 2006, Jasmin in 2009, Fahy in 2010, Bilmes and Plesser in

2013, Lasky and Prielozny in 2015, and Ternovski in 2017.  *Id.* at ¶¶ 11-19.  Plaintiff Carly

Pisarri's at-will membership agreements, and accompanying Terms and Conditions, effective

from 2010 through 2017, exemplary to all Plaintiffs, states as follows:

> **Revocation of Membership.**  At the discretion of TSI, a membership may be
> revoked at any time or extension of a membership may be denied ***if in the
> reasonable judgment of TSI the member consistently failed to observe the rules
> and regulations or has otherwise behaved in a manner contrary to the best
> interests of the club(s) or the club(s) members.***

*See* Siachos Decl. Exhibit B, ¶ 2.1 (emphasis added).  Moreover, Plaintiffs allege that Pisarri's

agreement states "if you have a Passport Membership, you may use any TSI club at any time."

*Id.* at ¶ 34.  However, this language is no where to be found in her agreement.  It is further

alleged that, upon information and belief, TSI has used and continues to use the same and/or

similar language in contracts with other passport members.  *Id.* at ¶ 35.

## TSI's Website and Advertisements

It is alleged that TSI has held out to the public, including Plaintiffs, that the Passport

Membership provides for "all-access" to TSI's gym locations, including through statements on

their website and advertisements.  Compl. ¶ 38.  TSI does not dispute that they market and

advertise memberships on their website.  However, TSI's website specifically states that Passport

Membership excludes "Elite" clubs, including the Boston Racquet Club, Waltham, Wellesley,

FiDi, Grand Central, 23rd & Park, 91st and 3rd, and TSI's Flagship location: Astor Place."

Siachos Decl., Exhibit C.  Moreover, TSI's website contains the following language under "Club

Usage," as follows:

> **Additional club usage fees may apply when visiting clubs.**
>
> **Please be advised that based on your membership type, and the day and time
> you enter a club, you may be charged an additional usage fee. The amount of
> these usage fees may vary by club. Please contact the club you plan to visit
> for their exact usage fee rates.**

*Id.* (emphasis added). TSI is permitted to charge additional usage fees based on locations and irrespective of the membership type.

## TSI's Alleged Deceptive and Misleading Practice

Plaintiffs claim that despite having contracted with TSI for a passport membership with full access to any and all TSI locations, TSI has denied them access to certain clubs.  Compl. ¶¶ 39-40.  More specifically, Passport Members have been and are currently not permitted to access numerous TSI locations, including, but not limited to:

- NYSC gym located at 4 Astor Place, New York, NY 10003;

- NYSC gym located at 30 Broad Street, New York, NY 10005;

- NYSC gym located at 113 East 23rd Street, New York, NY 10010;

- NYSC gym location at 1637 Third Avenue (91st Street), New York, NY 10128;

- BSC gym located at 100 Summer Street, Boston, MA 02110;

- BSC gym located at 840 Winter Street, Waltham, MA 02451;

- BSC gym located at 140 Great Plain Avenue, Wellesley, MA 02482.

*Id.* ¶ 40 (hereinafter referred to as "Elite Clubs").  TSI began to market the Elite Clubs located in New York as "elite" or "flagship" beginning in February 2017.[1]  Plaintiffs utterly fail allege that

---

[1] Plaintiffs counsel, David E. Gottlieb, Esq., acknowledges the fact that the date of the alleged misrepresentations occurred after all but one member contracted to receive the benefit of TSI's services.  *See* Siachos Decl., Ex. D, pg. 3, ¶¶ 4-22.  Worse, Plaintiffs fail to allege in the Complaint that the Elite Clubs exited or that TSI charged the additional fees to visit Elite Clubs at the time that eight named Plaintiffs contracted with TSI.  In fact, TSI Elite Clubs did not charge fees to visit Elite Clubs in New York (the only Clubs relevant in this matter) until very recently, and certainly well after Plaintiffs initiated their respective memberships:

- The NYSC gym located at 4 Astor Place, New York, NY 10003 was opened in May 2017, with usage fees beginning in July 2017;
- The NYSC gym located at 30 Broad Street, New York, NY 10005 began charging usage fees on February 1, 2018;
- The NYSC gyms located at 113 East 23rd Street, New York, NY 10010 and at 1637 Third Avenue (91st Street), New York, NY 10128 began charging usage fees on February 1, 2017.

It is therefore impossible to plausibly allege that eight of the named Plaintiffs relied on TSI's alleged misrepresentations at the time they agreed to purchase TSI's services.

they visited or attempted to visit *any* Elite Club and were denied access.  *See generally*, Compl.

Instead, Plaintiffs allege broadly that "Passport Members" (and not the class representatives)

have been denied access to the Elite Clubs.  *Id.*  Moreover, it is not specifically alleged that

Plaintiffs or any of the Passport Members visited any of the WSC or PSC locations, or are

currently denied access to those clubs, but instead, Plaintiffs generally allege that, "upon

information and belief, there are additional TSI clubs that Passport Members have not been

and/or are not permitted access."  *Id.* ¶ 40.  Thus, Plaintiffs fail to allege that Plaintiffs, or even

that Passport Members collectively, are excluded from any TSI Clubs in Washington D.C.,

Pennsylvania, Connecticut, Maryland, New Jersey, Rhode Island, or Virginia.  *See generally*,

Compl.  Further, Plaintiffs are not residents of these states.  *Id.*

### TSI's Alleged Retaliation as to Plaintiffs Pisarri and Jasmin

Additionally, Plaintiffs allege that on or about February 14, 2018, TSI's Chief Executive

Officer, Patrick Walsh called Jasmin and Pisarri and "berated" them for bringing claims against

TSI.  Compl. ¶ 47.  It is further alleged that Mr. Walsh asked Jasmin and Pisarri to drop their

claims against TSI.  *Id.*  Shortly thereafter, TSI banned Pisarri and Jasmin from entering TSI's

gym locations.  *Id.* ¶ 50.   Plaintiffs contend that such conduct was retaliatory for Jasmin and

Pisarri asserting claims against TSI.  *Id.* ¶ 52.

## PROCEDURAL HISTORY

On February 1, 2018, Plaintiffs Carly Pisarri ("Pisarri") and Aubily Remus Jasmin

("Jasmin") filed a six-count putative class action Complaint in the Supreme Court of New York,

New York County against TSI for alleged violations of the New York General Business Law §

349 ("GBL"); D.C. Consumer Protection Procedures Act §§ 28-3901 et seq. ("DCCPPA");

Pennsylvania Unfair Trade Practices & Consumer Protection Law 73 § 201-1 et seq.

("PUTPCPL"); Massachusetts Consumer Protection Act, M.G.L.A. c. 93A §§ 1 et seq.

("MCPA"), in addition to a claim for common law fraud and breach of contract. *See*, Siachos Decl., Exhibit E.  On or about February 26, 2018, the Complaint was voluntarily discontinued.

On February 26, 2018, Plaintiffs Pisarri and Jasmin, along with new plaintiffs Joshua Bilmes ("Bilmes"), Samantha Fahy ("Fahy"), Bari Lasky ("Lasky"), Elizabeth Plesser ("Plesser"), Petr Prielozny ("Prielozny"), Vadim Ternovski ("Ternovski") and Helena Von Rosenberg ("Rosenberg") (collectively, "Plaintiffs") filed a class action Complaint in the United States District Court, District of New York, including the causes of actions set forth in Plaintiffs' state court Complaint, and additional causes of action under the Connecticut's Unfair Trade Practices Act, §42-100, et seq. ("CUTPA"); Maryland Consumer Protection Act §13-101, et seq. ("MCPA"); New Jersey Consumer Fraud Act, §56:8-1, et seq. ("NJCFA"); Rhode Island Unfair Trade Practice and Consumer Protection Act, §6-13.1-1, et seq. ("RIUTPCPA"); and Virginia Consumer Protection Act of 1977, §59.1-196, et seq. ("VCPA") (collectively, the "Complaint"); *See* Dkt. No. 1.

On or about February 27, 2018, Plaintiffs subsequently filed an Order to Show Cause, Temporary Restraining Order, and Preliminary Injunction ("Order to Show Cause") seeking to enjoin TSI from: (i) banning Plaintiffs and any other putative Class members from TSI clubs; (ii) engaging in any form of retaliation against Plaintiffs and any other putative Class members for pursing claims in connection with this action; and (iii) communicating with Plaintiffs and any putative Class members in any manner regarding any rights implicated by this action. *See* Dkt. No. 8.  On February 27, 2018, the Court held oral argument on Plaintiffs' application for a temporary restraining order, but denied Plaintiffs' request.  On May 9, 2018, Defendants filed opposition to Plaintiff's request for a preliminary injunction, due to Plaintiff's inability to show imminent irreparable harm, let alone any chance of success on the merits of their claims.  *See*

Dkt. No. 13.  On March 19, 2018, Plaintiffs filed a reply memorandum of law in further support of their request for a preliminary injunction.  *See* Dkt. No. 16.  The Court has yet to issue an Order on Plaintiffs' Order to Show Cause.

Defendants hereby file the instant motion to dismiss Plaintiffs' Complaint, in lieu of a motion, as a result of Plaintiffs' failure to state a claim upon which relief may be granted.

## LEGAL ARGUMENT

## POINT I

## STANDARD OF REVIEW

### A.    Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that relief is plausible on its face.  *Bell Atlantic Corp. v. Twombly.,* 550 U.S. 544, 570 (2007).  In determining whether a complaint states a plausible claim for relief, district courts are instructed to conduct a two-part analysis.  *First,* the factual and legal elements of a claim should be separated.  *Id.*  The District Court must accept all well-pleaded facts as true, but may disregard any legal conclusions.  *Ashcroft v. Iqbal,* 556 U.S. 662, 663-4 (2009).  Next, a District Court must determine whether the facts alleged are sufficient to show that the plaintiff has a plausible claim for relief.  *Id.* at 664.  In other words, a complaint must do more than allege a plaintiff's entitlement to relief – it must show such an entitlement with its facts.  *Abdullahi v. Pfizer, Inc.,* 562 F.3d 163, 169 (2d Cir. 2009); *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.,* 517 F.3d 104, 115 (2d Cir. 2008); *U.S. Bank Nat. Ass'n v. Ables & Hall Builders*, 582 F. Supp. 2d 605, 606 (S.D.N.Y. 2008).  As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not shown that the pleader is entitled to relief.  *Iqbal*, 556 U.S. at 665.

### B. Fed. R. Civ. P. 9(b)

Rule 9(b) imposes a heightened pleading standard for fraud claims. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To satisfy the heightened pleading standard of Rule 9(b), a plaintiff must state with particularity "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Stevelman v. Alias Research, Inc.*, 174 F.3d 79, 84 (2d Cir. 1999); *Kottler v. Deutsche Bank AG*, 607 F. Supp. 2d 447, 462 (S.D.N.Y. 2009); *Martin Hilti Family Tr. v. Knoedler Gallery, LLC*, 137 F. Supp. 3d at 482 (S.D.N.Y. 2015).

### POINT II

### PLAINTIFFS DO NOT HAVE STANDING TO BRING CLAIMS ON BEHALF OF THEMSELVES OR PUTATIVE CLASS MEMBERS IN WASHINGTON D.C., PENNSYLVANIA, CONNECTICUT, MARYLAND, NEW JERSEY, RHODE ISLAND, AND VIRGINIA

Plaintiffs, all of whom are residents of New York, do not have standing to bring claims on behalf of themselves, or putative class members. The Complaint is devoid of any allegations that Plaintiffs resided in, or visited a TSI location in Washington D.C., Pennsylvania, Connecticut, Maryland, New Jersey, Rhode Island, or Virginia. Thus, Plaintiffs cannot assert claims in those states.

Article III limits the jurisdiction of the federal courts to hear only actual cases and controversies. The concept of standing is part of this limitation. *Gavin v. AT&T*, 543 F.Supp.2d 885, 894-95 (N.D. Ill 2008) (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37-38 (1976)). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the required elements of standing. Those elements are (i) an injury in fact, which is an invasion

of a legally protected interest that is concrete and particularized and, thus, actual or imminent, not conjectural or hypothetical; (ii) a causal relationship between the injury and the challenged conduct, such that the injury can be fairly traced to the challenged action of the defendant; and (iii) a likelihood that the injury will be redressed by a favorable decision.  *Id; Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Friends of the Earth, Inc.*, 528 U.S. 167, 180-81 (2000); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

If standing is challenged as a factual matter, the plaintiff must come forward with "competent proof that is a showing by a preponderance of the evidence that standing exists." *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003.).  To establish injury-in-fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548.  Hence, the plaintiff's injury must be "particularized" and "concrete."  For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Id*.  To be "concrete," the injury must be "de facto"—it must exist, be real, and not abstract. *Id.* at 1548-49. Plaintiffs cannot meet this stringent standard.

### A.      Plaintiffs Lack Standing Because They Fail To Allege That TSI Invaded A Legally Protected Interest That Is Concrete And Particularized

Here, Plaintiffs do not allege a concrete injury.  Plaintiffs vaguely assert that as Passport Members of TSI, they have *per se* suffered an injury because their membership did not provide them with "all access" to TSI's gyms.  Compl. ¶ 38.  However, Plaintiffs fall woefully short of identifying a concrete or particularized claim as required under *Spokeo*.  To have standing, Plaintiffs must have been affected in a personal and individual way.  None of the plaintiffs allege that they were actually denied access to any particular TSI location, nor do they provide any particularity concerning dates or times.  Further, Plaintiffs do not allege that they paid any

additional fee to access any TSI Club.  Accordingly, because Plaintiffs did not incur any monetary loss and were never turned away at any TSI club, they did not suffer harm as required under *Spokeo*.  Rather, Plaintiffs were afforded the benefit of each of their bargains.  That is, they were permitted to exercise at any of TSI's hundreds of gyms located throughout the northeast.

However, the fact that TSI's Elite Clubs exist does not preclude Plaintiffs from exercising at a gym.  Even if Plaintiffs were in fact denied access to TSI's Elite Clubs, Plaintiffs could access all TSI Clubs that were not identified as Elite.  Moreover, Plaintiffs were free to join and access any of the thousands of gyms offered by TSI's competitors both within and outside of New York.  Thus, any harm that Plaintiffs suffered is purely speculative or, stated differently; Plaintiffs' harm is not concrete and particularized.[2]

### B.   Plaintiffs Lack Standing Because There Is No Causal Relationship Between Plaintiffs' Alleged Injury And TSI's Conduct

Furthermore, Plaintiffs' Complaint should be dismissed under *Spokeo* because no injury can be fairly traced to the challenged action of TSI.  Plaintiffs allege, albeit generally, that TSI misled Plaintiffs through their representations in their membership agreements, website, and advertisements.  As a result, Plaintiffs allege that TSI caused them to suffer monetary damages, such as "increased membership costs based on promised access that was not provided, fees paid for access to TSI's clubs that was never actually provided and additional fees paid to TSI for access to the Inaccessible Clubs."  Compl. ¶ 45.  Plaintiffs presuppose a causal link between TSI's alleged conduct and the aforementioned harm.  However, Plaintiffs fail to satisfy the second prong set forth in *Spokeo* because (1) the named Plaintiffs were never denied access or

---

[2] It should likewise be noted that Plaintiffs seek to represent a class of similarly situated individuals, but allege violations of four separate consumer protection statutes, all with unique and uncommon requirements, individualized for each State.  Hence, TSI notices the court that, as currently pleaded, Plaintiffs' claims simply cannot satisfy the commonality prong required for class certification as there are no common questions of law.

charged additional fees and (2) Plaintiffs could not have been induced by TSI's conduct given the alleged misrepresentation occurred prior to any agreement between Plaintiffs and TSI. These undisputed facts eviscerate any causal link between the alleged misconduct and resulting harm.

First, given Plaintiffs' failure to allege an injury-in-fact, it follows that no causal link can exist. *Spokeo* requires that TSI's alleged conduct – inducing Plaintiffs to purchase Passport Memberships by promising "all access" to TSI clubs, but selling Plaintiffs memberships without "all access" – proximately cause Plaintiffs' harm – purchasing Passport Memberships without "all access" for an inflated value. However, given the fact, or lack thereof, that Plaintiffs never visited the Elite Clubs, paid additional fees, or were turned away from any TSI Clubs, TSI's representations could not have caused harm that never occurred. Where Plaintiffs fail to specify when and which Clubs they were specifically denied access to or how much each Plaintiff paid to access the Elite Clubs, naturally, there cannot be a causal link. In other words, TSI's conduct could not have caused harm that never occurred.

Second, assuming *arguendo* that Plaintiffs did plead a concrete harm, TSI's representation could not have caused such harm. The representations that TSI made to Plaintiffs at the time they entered into their respective agreements were made prior to the marketing of the Elite Clubs as "Elite" Clubs. Thus, when Plaintiffs entered into their contracts with TSI, they relied on accurate statements made and advertised by TSI. Plaintiffs received the benefit of the bargain and were given access to all of TSI's clubs. They were not induced into purchasing TSI's services as a result of a false representation. In short, TSI's conduct did not amount to a misrepresentation as alleged in the Complaint. Accordingly, no harm could flow from TSI's lawful conduct.

      **C.**    **Plaintiffs Lack Standing Because They Cannot Assert The Rights Of Third Parties**

Plaintiffs lack standing because they seek to assert the rights of out-of-state, third-parties. Under the United States Constitution, no third-party standing exists. Plaintiffs seek to represent a putative class of similarly situated consumers located within and outside of New York. However, Plaintiffs have not alleged that they were personally injured. They did not visit TSI's Elite Clubs and were not turned away or required to pay an additional fee. Thus, Plaintiffs are attempting to bring suit on behalf of third parties. A party may only assert his or her own legal rights and not the rights of a third party. *See Kowalski v. Tesmer*, 543 U.S. 125, 129, (2004) ("We have adhered to the rule that a party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'"). Because Plaintiffs, who have failed to allege a concrete harm, are asserting the rights of third-parties, their Complaint must be dismissed.[3]

## POINT III

## PLAINTIFFS' CLAIMS ARE NOT RIPE UNDER ARTICLE III

Because Plaintiffs' have not alleged that they have paid additional fees for utilizing or have been turned away from Elite Clubs, their claims against TSI are not ripe under Article III. The doctrine of ripeness requires that a court weigh the fitness of the issues for review and the hardship to the parties of withholding court consideration. *Abbott Labs. v. Gardner*, 387 U.S. 136, 149, 87 S. Ct. 1507, 1515 (1967); *Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87, 104 (2d Cir. 2014). Here, Plaintiffs claims are not fit for review, as Plaintiffs have not visited the Elite Clubs, been denied access, or paid an additional fee to gain access. Additionally, Plaintiffs will suffer no hardship without judicial review because they still have access to the many TSI Clubs

---

[3] Additionally, Plaintiffs are all citizens of New York, but seek to represent out-of-state Plaintiffs regarding out-of-state consumer statutes. Thus, Plaintiffs cannot meet the commonality and typicality prongs to certify the instant class.

throughout New York and its bordering states that they contracted for, as well as TSI's competitor's gyms.  In other words, Plaintiffs have no shortage of gym options.  Plaintiffs' claims are thus not ripe for review.

**POINT IV**

**PLAINTIFFS' N.Y. GEN. BUS. L. § 349 CLAIM**
**FAILS AS A MATTER OF LAW AND MUST BE DISMISSED**

Plaintiffs' Complaint fails to adequately plead or allege a misrepresentation or a resulting injury, thus warranting dismissal of Plaintiffs' N.Y. Gen Bus. L. §349(a) claim.  Under N.Y. Gen. Bus. L. §349(a), "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are . . . unlawful."  N.Y. Gen. Bus. L. §349(a).  In order to properly allege a claim under Section 349, a plaintiff must plead facts that tend to prove "first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act."  *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000); *see also Siegel v. Landy*, 2006 NY Slip Op 8235, ¶ 2, 34 A.D.3d 556, 557, 824 N.Y.S.2d 404, 406 (App. Div.); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995); *Altman v. Bayer Corp.*, 125 F. Supp. 2d 666 (S.D.N.Y. 2000).

When determining whether a particular representation or omission is deceptive, courts impose a standard of whether a practice is "likely to mislead a reasonable consumer acting reasonably under the circumstances."  *See Stutman*, 95 N.Y.2d at 29.  Additionally, the alleged deception must have misled the consumer in a material way.  *See Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, 2015 NY Slip Op 25274, ¶ 5, 49 Misc. 3d 1027, 1039, 19 N.Y.S.3d 850, 859 (Sup. Ct.) (holding that defendants statements in a privacy policy and online notices did not mislead plaintiffs in a material way because the statements did not amount to an unlimited

15

guaranty to protect patient information, thus the defendants' conduct was not deceptive when the information was stolen).

Finally, a plaintiff must "prove 'actual' injury to recover under the statute, though not necessarily pecuniary harm." *See Stutman*, 95 N.Y.2d at 29; *see also Ovitz v. Bloomberg L.P.*, 2012 NY Slip Op 2249, ¶ 4, 18 N.Y.3d 753, 759: *Vigiletti v. Sears, Roebuck & Co.*, 2007 NY Slip Op 6110, ¶ 1, 42 A.D.3d 497, 498, 838 N.Y.S.2d 785, 785 (App. Div.) (dismissing plaintiff's complaint because it "failed to allege that the plaintiffs and the proposed class members had suffered actual injury as a result of the defendant's allegedly deceptive marketing of its products.");[4] *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56 (1999) (Plaintiffs' Section 349 claims failed to properly plead a *prima facie* showing of injury).  Here, Plaintiffs woefully deficient Complaint fails in two regards: it fails to allege facts that Plaintiffs were misled by TSI and that TSI's conduct caused a cognizable injury.

### A.     Plaintiffs Fail To Plead A Claim Under N.Y. Gen. Bus. L. §349(a) Because TSI Did Not Mislead Plaintiffs In A Material Way

Even if the Court accepts Plaintiffs' factual allegations as true, as required for purpose of this motion, Plaintiffs cannot prevail on their Section 349 claim because at the time of entering into a contract with TSI, Plaintiffs (1) were provided with "all access" memberships, since none of the alleged Elite clubs existed yet; or (2) were provided adequate and sufficient notice through TSI's advertisements and websites that additional fees may apply when accessing certain clubs. The crux of Plaintiffs' allegations is that TSI did not provide their Passport Members with "all access," despite their status as Passport Members.  However, none of TSI's Elite clubs were in

---

[4] Additionally, the lack of individualized harm or injury precludes class certification due to a lack of common issues to the class.  *See Hazelhurst v. Brita Prods. Co.*, 295 A.D.2d 240, 242, 744 N.Y.S.2d 31, 33 (App. Div. 2002) (denying class certification because in order to "determine if a particular class member was injured," by relying on Brita's representation that its product filters 35 to 40 gallons of water, "it will be necessary to determine whether the class member received 35 to 40 gallons of purified water per filter . . . before replacement.").

existence when eight of the nine Plaintiffs purchased their respective memberships.[5]  As such, there was no misrepresentation by TSI.

This case is strikingly analogous to the *Abdale* case.  In *Abdale*, the plaintiffs' suffered alleged harm when their information was stolen after relying on the defendants' privacy policy. Nonetheless, the *Abdale* Court held that the plaintiffs were not misled in a material way because the relied on policy was not an unlimited guaranty.  The instant facts are even more favorable to TSI than those in *Abdale*.   Here, Plaintiffs relied on the representation that Passport Memberships gave TSI customers "all access" to their clubs when they purchased their memberships.  TSI, thereafter, provided Plaintiffs with what was promised: "all access" to their clubs.  Only later in 2016 and/or 2017 did TSI implement their Elite Clubs.  Thus, Plaintiffs were not misled at all, much less misled in a material way.  Accordingly, eight of the nine Plaintiffs fail to plead a Section 349 claim.

Next, Plaintiffs allege that they relied on misrepresentations on TSI's website and advertisements that Passports Memberships provided "all access" to TSI clubs.  *See* Compl. ¶ 29. This argument is equally as unpersuasive.  The TSI website conspicuously discloses the limitations of the Passport Membership.  *See* Siachos Decl., Exhibit 4.[6]  The operative text unequivocally reads: "***Excludes our Elite clubs: The Boston Racquet Club, Waltham, Wellesley, FiDi, Grand Central, 23rd & Park, 91st and 3rd, and our Flagship location: Astor Place***."  Additionally, there is an asterisk immediately after the exclusion, indicating that the

---

[5] *See supra* note 1.
[6] Such documentation is fit for this Court's review under *Anwar v. Fairfield Greenwich Ltd.*, 831 F. Supp. 2d 787, 791 (S.D.N.Y. 2011), aff'd sub nom. *Pujals v. Standard Chartered Bank*, 533 F. App'x 7, 9 (2d Cir. 2013) ("[t]he Court may properly consider even documents not quoted, incorporated by reference, or attached to the complaint when adjudicating a motion to dismiss if those 'documents are integral to the complaint, meaning that the complaint relies heavily upon the documents' terms and effects, and the plaintiff has actual notice of all the information in the documents and relied upon those documents in framing the complaint.'").

reader should move his or her attention to the text of the referenced note.[7]  If Plaintiffs relied on "all access" representations on TSI's website and advertisements, prior to or at the time of purchasing their Passport Memberships, they were not misled.  Rather, the exclusions were conspicuously disclosed to current and prospective members.  Accordingly, Plaintiffs could not have been misled in a material way.

**B.      Plaintiffs Fail To Plead A Claim Under N.Y. Gen. Bus. L. §349(a) Because Plaintiffs Do Not Plead An Actual Injury**

Plaintiffs' § 349 claim is also deficient because Plaintiffs do not allege an actual injury. Rather, Plaintiffs allege in speculative fashion, that Passport Members were denied access to the Elite Clubs.  *See* Compl. ¶ 41.  Plaintiffs' allegations do not satisfy the Rule 9(b) heightened pleading standard required for fraud claims.  More specifically, Plaintiffs do not allege which Plaintiffs suffered injury, when each injury was suffered, the time, date, or specifications of each incident, whether Plaintiffs were denied access or paid additional fees to enter a particular club, or the amount paid by Plaintiffs to access a particular club.  Additionally, Plaintiffs have many options of where they can exercise, both under their current Passport Memberships and by joining as a member of one of the many gyms in New York.  In other words, Plaintiffs have not had their ability to exercise at a gym taken away.  Accordingly, Plaintiffs cannot maintain a claim under N.Y. Gen. Bus. L. § 349 because they fail to allege an actual injury with the requisite specificity.

## POINT V

## PLAINTIFFS' VIOLATION OF THE DCCPPA CLAIM FAILS AS A MATTER OF LAW AND MUST BE DISMISSED

---

[7] Of course, given the vague claims in Plaintiffs' Complaint, it is impossible to ascertain when and on which web page Plaintiffs allegedly relied upon.

The DCCPPA prohibits various trade practices, including "represent[ing] that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have;" "represent[ing] that [a] person has a sponsorship, approval, status, affiliation, certification, or connection that the person does not have;" "misrepresent[ing] as to a material fact which has a tendency to mislead;" and "fail[ing] to state a material fact if such failure tends to mislead."  D.C. Code § 28-3904(a)-(b), (e), (f).

Here, Plaintiffs have not pled a cognizable claim under the DCCPPA.  Similar to Plaintiffs' N.Y. Gen. Bus. L. Section § 349, Plaintiffs have not alleged a misrepresentation by TSI.  As stated *supra*, Plaintiffs were provided "all access" to TSI's gyms at the time they entered into membership agreements.  Because the Elite Clubs were not in existence, Plaintiffs' DCCPPA consumer fraud claim has no basis in law, fact, or reality.

Next, the DCCPPA bears no nexus to the instant facts and therefore does not govern Plaintiffs' claims.  As alleged, the named Plaintiffs are residents of New York, not Washington D.C.; and the alleged fraud occurred within New York.  *See* Compl. ¶¶ 11-19, 38-40.  Worse, Plaintiffs do not allege that they were denied access to TSI clubs in Washington D.C.  And, of course, Plaintiffs have utterly failed to plead the Article III requirements of standing and ripeness.  Any claim that any class representative (or TSI member for that matter) was denied access or charged an additional fee in our nation's capital is speculative and implausible, and must be dismissed.

## POINT VI

## PLAINTIFFS' PUTPCPL CLAIM FAILS AS A MATTER OF LAW AND MUST BE DISMISSED BECAUSE IT IS LEGALLY DEFICIENT AND IS BARRED BY THE ECONOMIC LOSS DOCTRINE

Likewise, Plaintiffs' PUTPCPL claim is fatally deficient.  The PUTPCPL prohibits unfair methods of competition and deceptive acts or practices in the conduct of trade or commerce. *Slapikas v. First Am. Title Ins. Co.*, 298 F.R.D. 285, 292 (W.D. Pa. 2014) (citing 73 Pa. Stat. § 201–3).  To establish liability under the PUTPCPL, a plaintiff must present evidence showing: (1) a deceptive act that is likely to deceive a consumer acting reasonably under similar circumstances; (2) justifiable reliance; and (3) **that the plaintiff's justifiable reliance caused ascertainable loss.**  *Id.* (emphasis added) (citing *Seldon v. Home Loan Servs.*, 647 F.Supp.2d 451, 470 (E.D. Pa.2009).   Here, Plaintiffs cannot meet the second or third prong to defeat dismissal.

### A.      Plaintiff's PUTPCPL Claim Must be Dismissed Because Plaintiffs Do Not Allege Justifiable Reliance

Plaintiffs PUTPCPL claim is legally deficient because it fails to allege justifiable reliance.  Pennsylvania law requires that "plaintiff[s] alleging violations of the PUTPCPL must prove justifiable reliance."  *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 202 (Pa. 2007).  "To bring a private cause of action under the PUTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance."  *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004).  Evidence of reliance must go beyond a mere causal connection between the misrepresentation and the harm; a plaintiff must "show that he justifiably bought the product in the first place (or engaged in some other detrimental activity) because of the misrepresentation."  *Slemmer v. McGlaughlin Spray Foam Insulation, Inc.*, No. 12–6542, 2013 WL 3380590, at *6 (E.D. Pa. July 8, 2013).

In this case, Plaintiffs have failed to even attempt to allege justifiable reliance or harm suffered.   Instead, Plaintiffs' Complaint alleges in conclusory fashion that "Passport Members have not been and are currently not permitted access to numerous TSI locations . . . ."  Compl. ¶ 25.   It further states that "TSI has denied and/or continues to deny Plaintiffs and all other Passport Members access to the Inaccessible Clubs."  *Id.* ¶ 26.

The allegations in Count III of Plaintiffs' Complaint clearly fail to satisfy the minimum pleading requirements set forth in *Twombly* and its progeny.   Instead of setting forth factual allegations showing Plaintiffs' justifiable reliance on TSI's alleged conduct, or an actual ascertainable loss suffered, Plaintiffs merely aver that the conduct of restricting access to clubs violates the PUTPCPL.   Nowhere in the Complaint do the Plaintiffs allege that they were denied access to a club in Pennsylvania, let alone any of the TSI regions to satisfy the second or third prong of the PUTPCPL standard.   These conclusory allegations are unsupported by facts that actually demonstrate that Plaintiffs' justifiable reliance caused ascertainable loss; rather, these allegations are the epitome of the conclusory statements that this Court, the Third Circuit, and the Supreme Court have all held are insufficient to satisfy the pleading requirements of the Federal Rules of Civil Procedure. *See, e.g., Iqbal*, 556 U.S. at 678 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.' "); *see also id.* at 677-78 (noting that mere "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or ' "naked assertion[s]' devoid of 'further factual enhancement' " are insufficient to state a claim for relief).   Plaintiffs cannot even plead the constitutional Article III requirements of standing and ripeness for these claims.   Accordingly, Count III of Plaintiffs' Complaint should be dismissed in its entirety with prejudice.

**B.     The Economic Loss Doctrine Bars Any Recovery Under the PUTPCPL**

Plaintiffs' PUTPCPL claim also fails because it is barred by the economic loss doctrine. Plaintiffs contend that they suffered and continue to suffer damages, including, but not limited to, "fees paid for access to TSI's clubs that was never actually provided and additional fees to TSI for access to the Inaccessible Clubs."  Compl. ¶ 63.

PUTPCPL claims are barred by the economic loss doctrine.  *Werwinski v. Ford Motor Co.,* 286 F.3d 661, 680-81 (3d Cir. 2002); *see also McGuckin v. Allstate Fire & Cas. Ins. Co.,* 118 F. Supp. 3d 716, 720 (E.D. Pa. 2015).  Putting aside Plaintiffs' conclusory claims for "additional fees to TSI for access to the Inaccessible Clubs" which is not alleged with minimal particularity or even mentioned throughout the Complaint, it is evident that Plaintiff's alleged damages are entirely monetary in nature, and thus, are barred by the Economic Loss Doctrine.  In a nutshell, Plaintiffs claim they paid money to access all of the clubs, but were denied access to some of the clubs.  Thus, to the extent this Court finds that TSI is liable, Plaintiff can recover monetary damages to be made whole.

<u>POINT VII</u>

<u>PLAINTIFFS' CUTPA CLAIM MUST BE DISMISSED BECAUSE
TSI'S CONDUCT IS NOT UNFAIR UNDER CUTPA AND PLAINTIFFS
CANNOT SHOW AN ASCERTAINABLE LOSS.</u>

**A.     Plaintiffs Fail To Plead That An Unscrupulous Act Caused Plaintiffs An Injury Under CUTPA**

As an initial matter, Plaintiffs provide absolutely no factual or legal basis as to why this Court should apply Connecticut law.  Plaintiffs neither allege that fraud occurred in Connecticut, nor that any named Plaintiffs were denied access to a TSI club located in Connecticut. Furthermore, no Plaintiff is a Connecticut citizen.  No Elite Club is identified as being located in

Connecticut.  No representations were made or received in Connecticut.  The CUTPA cannot apply here as Connecticut law is wholly irrelevant.

Second, the facts, as pleaded in Plaintiffs' Complaint, do not rise to an "unscrupulous act" under CUTPA, requiring dismissal of Count IV.  CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Conn. Gen. Stat. § 42-110b; *see Ventres v. Goodspeed Airport, LLC*, 275 Conn. 105, 154-155 (2005).  The *prima facie* elements of a properly pleaded CUTPA claim are threefold: "(1) [w]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]."  *Id.*; *see also Zeebaas, LLC v. Koelewyn*, 2012 U.S. Dist. LEXIS 84665, at *17-18 (D. Conn. June 19, 2012).

Here, Plaintiffs do not satisfy the second and third prongs.  TSI sold Passport Memberships to eight Plaintiffs prior to 2017.  Plaintiffs do not allege that they visited, were denied access to, or paid additional entry fees to access TSI Clubs located in Connecticut.  Their claims rest solely on harm stemming from the exclusivity of the Elite Clubs located in New York.  However, these clubs required an additional fee for access only *after* 2017.  Accordingly, TSI's conduct did not unscrupulously induce Plaintiffs into becoming Passport Members.  Since no unfair or unscrupulous act deceived Plaintiffs into becoming Passport Members, any harm allegedly conferred onto Plaintiffs occurred well after the sale of the Passport Memberships.  Thus, such alleged harm is unrelated to TSI's conduct pertaining to the sale of Passport

Memberships.

**B.      Plaintiffs Fail To Plead An Ascertainable Loss Under CUTPA**

Furthermore, the facts pleaded in Plaintiffs' Complaint fail to show an ascertainable loss. A plaintiff must show that an ascertainable loss resulted from the alleged deceptive act. *Zeebas*, 2012 U.S. Dist. LEXIS 84665, at *18; *Golden v. Hamer*, 2009 Conn. Super. LEXIS 2309, at *25 (Conn. Super. Aug. 25, 2009); *see also Three Deer Assocs. v. Yankee Gas Serv. Co.*, 1995 Conn. Super. LEXIS 1314, at *4 (Super. Ct. May 1, 1995) ("To satisfy the 'ascertainable loss' requirement, a plaintiff need only prove that it has purchased an item partially as a result of an unfair or deceptive practice or act and that the item is different from what it bargained for."). An ascertainable loss is a detriment or injury that is capable of being discovered and that was proximately caused by the prohibited act complained of. *Zeebas*, 2012 U.S. Dist. LEXIS 84665, at *19. It must be measurable, "even though the precise amount of the loss is not known." *Id.* (quoting *Artie's Auto Body, Inc. v. Hartford Fire Ins. Co.*, 287 Conn. 208, 218 (2008)).

Here, Plaintiffs did not purchase their Passport Memberships "partially as a result of an unfair or deceptive practice or act." The Passport Memberships only became different from what was bargained for well *after* the purchases were made. TSI accurately represented that "all access" to TSI Clubs was concomitant with the purchase of Passport Memberships at the time of contract. Further, TSI disclosed that additional fees may apply to certain TSI clubs in their advertisements and on their website, where Plaintiffs allegedly observed TSI's misrepresentation.

Further, there is no measureable value between the price of the Passport Memberships with or without "all access." At the time of Plaintiffs' purchase, Plaintiffs had access all TSI Clubs. In 2017, "elite" and "flagship" clubs came into existence. Plaintiffs quarrel do not

concern their access to certain clubs being *taken away*. Thus, Plaintiffs are left with the paradoxical argument that they have suffered an ascertainable loss despite receiving the same services they contracted for – that is, access to all TSI clubs in existence at the time of contract. Their Passport Memberships have lost no value and Plaintiffs are receiving nothing less than what they bargained for. Their pleadings suggest that they have access to the same TSI clubs that they have always had access to. Thus, there is no measurable discrepancy in value between the memberships they contracted for and the memberships they received.

<u>POINT VIII</u>

<u>PLAINTIFFS' MCPA CLAIM FAILS AS A MATTER OF LAW AND
MUST BE DISMISSED</u>

This Court should dismiss Plaintiffs' claim asserted under the MCPA because (1) the alleged fraud occurred outside of Maryland to non-Maryland citizens, (2) Plaintiffs have failed to plead that TSI's conduct was deceptive with enough specificity, and (3) Plaintiffs have failed to adequately plead the scienter requirement.

**A.    Plaintiffs Fail To Plead A Claim Under Md. Code Ann., Com. Law § 13-301 Because The Alleged Fraud Did Not Occur In Maryland**

Plaintiffs' cannot sustain a claim under the MCPA because the pleaded facts show that the alleged fraud occurred in New York, not Maryland. As a threshold matter, the MCPA applies only when alleged deceptive conduct occurs within Maryland's borders or affects activity occurring within the state. *See Elyazidi v. SunTrust Bank*, 780 F.3d 227, 237 (4th Cir. 2015); *State ex rel. Gildar v. Kriss*, 191 Md. 568, 62 A.2d 568, 569 (Md. 1948) ("Ordinarily a statute is not applicable extraterritorially, but only to acts done within the jurisdiction . . . ."). "[O]ne State cannot regulate activity occurring in another State, and . . . regulatory statutes are generally construed as not having extra-territorial effect unless a contrary legislative intent is expressly

stated." *Consumer Prot. Div. v. Outdoor World Corp.*, 91 Md. App. 275, 287 (1992) (holding that the MCPA does not govern "high-pressure sales tactics" of a company that enticed Maryland consumers to travel out of state on false pretenses, but whose suspect conduct occurred outside of Maryland's borders.

Here, Plaintiffs, all of whom are New York residents, allege that they relied on TSI's misrepresentations regarding the sale of the Passport Membership. It is undisputed that no Plaintiff is a resident of Maryland. It is undisputed that no Plaintiff contracted for TSI's services in Maryland. Plaintiffs also do not allege that they received TSI's misrepresentations while in Maryland. No Plaintiff visited any Maryland TSI club. In *Outdoor World*, the Plaintiffs received direct solicitations in Maryland. *Id.* at 287. However, the fraudulent conduct occurred exclusively in Maryland. *Id.* Despite the defendant's intrusion into Maryland borders, the *Outdoor World* Court still held that the MCPA did not govern that occurrence. The instant facts are weaker than those in *Outdoor World* because no events whatsoever occurred in Maryland. Thus, the MCPA does not govern the instant facts, as the MCPA lacks "extra-territorial effect."

### B.     Plaintiffs Fail To Plead A Deceptive Act With The Requisite Specificity Under Md. Code Ann., Com. Law § 13-301

Additionally, Plaintiffs' MCPA claim should be dismissed because Plaintiffs fail to plead that TSI's conduct amounted to a deceptive act with the requisite specificity. In Maryland, any individual may bring a claim under the MCPA, against any person engaged in an "'unfair or deceptive trade practice' with respect to the sale, or offer for sale, of any consumer goods, services, or realty." *Adams v. NVR Homes, Inc.*, 135 F. Supp. 2d 675, 692 (D. Md. 2001). "Deceptive act," prohibited under this title includes, *inter alia*:

> (1)     False, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of

deceiving or misleading consumers;

(9)     Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with:

(i) The promotion or sale of any consumer goods, consumer realty, or consumer service;

MCPA § 13-301; *Adams*, 135 F. Supp. 2d at 692-93.  A statement or omission is considered "material" under the Section 13-301(3) if "a significant number of unsophisticated consumers would attach importance to the information in determining a choice of action," *i.e.,* it is likely to affect their decision to buy a product.  *Hayes v. Hambruch*, 841 F. Supp. 706, 713 (D. Md. 1994) (quoting *Golt v. Phillips,* 308 Md. 1, 10, (1986)); *Luskin's, Inc. v. Consumer Prot. Div.*, 353 Md. 335, 359, 726 A.2d 702, 713 (1999).

Furthermore, when pleading a cause of action under the MCPA, a plaintiff must plead "the circumstances constituting fraud . . . with particularity," such that "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby" are included in the pleading.  *Haley v. Corcoran*, 659 F.Supp.2d at 721, 724 (D.Md. 2009); *Spaulding v. Wells Fargo Bank, N.A.*, 920 F. Supp. 2d 614, 622 (D. Md. 2012).

Here, Plaintiffs add nothing to substantiate Count V.  Instead, Plaintiffs rely on their conslusory allegations to support their MCPA claim.  In sum, Plaintiffs make no mention of the time, place, and contents of the false representations.  Further, it is plain that no deception occurred under Maryland's standard because Plaintiffs agreed to become Passport Members well

27

before Elite clubs existed.[8]  Accordingly, Plaintiffs MCPA claim cannot survive.

**C.    Plaintiffs Fail To Plead The Requisite Scienter Under Md. Code Ann., Com. Law § 13-301(9)**

This Court should dismiss Plaintiffs' MCPA claim because Plaintiffs do not plead that TSI knowingly misrepresented a material fact.  An individual bringing a claim under § 13-301(9) is required to prove scienter, *i.e.,* that a defendant knowingly engaged in "deception, fraud, false pretense, false premise, misrepresentation . . . ."  *Adams*, 135 F. Supp. 2d at 693.  Here, TSI could not have knowingly made a representation likely to affect Plaintiffs' decision to buy a Passport Membership because Elite clubs did not exist at the time Plaintiffs contracted with TSI.  Further, Plaintiffs do not and can not allege that TSI contemplated intentionally adding Elite clubs after Plaintiffs purchased their memberships.  Moreover, any reason to add Elite Clubs was for the purposes of offering their members the opportunity and choice to exercise at Elite, luxurious clubs as often as desired at a fraction of the cost of the luxury clubs of their competitors.  The Complaint is devoid of any facts that TSI knowingly misrepresented the scope of Passport Memberships warranting dismissal of Plaintiffs' MCPA claims.

**POINT IX**

**PLAINTIFFS' NJCFA CLAIM FAILS AS A MATTER OF LAW AND MUST BE DISMISSED**

Plaintiff's NJCFA claim must be dismissed because (1) TSI's conduct was not a misrepresentation; (2) Plaintiffs did not suffer an ascertainable loss; and (3) TSI's "all access" representation was not material to the transaction nor made for the purpose of inducing a purchase.

---

[8] Again, Plaintiff Vadim Ternovski, the only Plaintiff to purchase his Passport Membership in 2017, allegedly relied on advertisements and TSI's website.  At the time of his purchase, TSI conspicuously noted on those very same websites and advertisements that additional fees were required for the Elite Clubs.  *See* Siachos Decl., Exhibit C.

The NJCFA prohibits the use of unconscionable commercial practices, deception, fraud, and other improper conduct "in connection with the sale or advertisement of any merchandise," including, among other things, the sale or lease of a new or used motor vehicle. N.J.S.A. § 56:8-2.  To state a claim under the CFA, therefore, a plaintiff must allege that the complained-of practice was material to a transaction and made to induce the buyer to make the purchase. *See Joaquin v. Lonstein Law Office, P.C.*, Civil Action No. 15-8194 (MAS) (DEA), 2017 U.S. Dist. LEXIS 99466, at *3 (D.N.J. June 27, 2017) (holding "[p]laintiff fails to allege that Defendants' purported misrepresentations were made to induce Plaintiff to subscribe to DIRECTV.") (quoting *DepoLink Court Reporting & Litig. Support Servs. v. Rothman,* 430 N.J. Super. 325, 339 (App. Div. 2013)).

A private plaintiff also must allege specific facts showing that the defendant's conduct was: (1) unlawful; (2) that it caused an "ascertainable loss" to the plaintiff; and (3) that there is a causal relationship between the unlawful conduct and plaintiff's alleged ascertainable loss.  *See Am. Corp. Soc'y v. Valley Forge Ins. Co.*, 424 F. App'x 86, 89 (3d Cir. 2011) (citing *Bosland v. Warnock Dodge, Inc.,* 197 N.J. 543, 557 (2009)); *see also Dabush v. Mercedes-Benz USA, LLC*, 378 N.J. Super. 105, 114 (App. Div. 2005) (finding no ascertainable loss where navigation system in vehicle caused plaintiff to get lost, waste gas, and be extremely late for a work meeting, despite misrepresentations from vehicle manufacturer and dealer that driver would never get lost with navigation system). "Because a claim under the CFA is essentially a fraud claim, the rule requires that such claims be pleaded with specificity to the extent practicable." *Hoffman v. Hampshire Labs, Inc.*, 405 N.J. Super. 105, 112 (Super. Ct. App. Div. 2009).

There are three methods of responsibility under the NJCFA: affirmative misrepresentations, intentional omissions, and conduct prohibited by statute. *See Friest v. Luxottica Grp. S.P.A.*, 2016 U.S. Dist. LEXIS 174955, at *10 (D.N.J. Dec. 16, 2016) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007)); *see also Cox v. Sears Roebuck & Co.*, 138 N.J. 2 (N.J. 1994). Plaintiffs' NJCFA claim fails to specifically categorize TSI's allegedly unlawful conduct. As discussed in greater detail below, this claim must be dismissed because Plaintiffs cannot establish unlawful conduct on the part of TSI, that Plaintiffs suffered an ascertainable loss, or that the NJCFA applies to conduct occurring outside of New Jersey's borders.

**A.      The New Jersey Consumer Fraud Act Is Inapplicable**

As mentioned above, Plaintiffs have no cause of action under a state's consumer protection statute merely because a TSI club is located in that state. The NJCFA is no exception. Because Plaintiffs yet again fail to specify the applicability of New Jersey Law, their NJCFA claim should be dismissed.

**B.      Plaintiff Cannot Establish Unlawful Conduct**

Plaintiffs' NJCFA claim must fail because they have not and cannot plead the first prong of their claim: that TSI engaged in unlawful conduct. *See Gennari v. Weichert Co. Realtors*, 148 N.J. 582 (1997). TSI committed no fraudulent act because (1) Plaintiffs purchased their Passport Memberships well before the Elite Clubs existed and (2) TSI conspicuously disclosed that additional fees for such clubs is required in the very same websites and advertisements that Plaintiffs, specifically Plaintiff Ternovski, relied on. Accordingly, Plaintiffs fail to plead unlawful conduct under the NJCFA warranting dismissal of their claim.

**C.      TSI's Conduct Was Not Material To Plaintiffs' Transaction**

Plaintiffs' NJCFA claims fail because the alleged conduct was not material to a transaction and was not made to induce the Plaintiffs or any Putative Class Member to purchase a product. *See DepoLink*, 430 N.J. Super. at 339  (rejecting NJCFA claim because alleged misrepresentations were made by collections agency, not to induce a purchase); *Cole v. Laughrey Funeral Home*, 376 N.J. Super. 135, 144 (App. Div. 2005) (rejecting NJCFA claim because representations allegedly made by defendant were not made to induce a purchase). Plaintiffs' Complaint rests almost entirely on their allegation that they relied on TSI's false "all access" representation when deciding to purchase Passport Memberships.  However, before 2017, TSI's representation was not false.  Hence, Plaintiffs were induced by an accurate representation.

Further, TSI's representation was not material to Plaintiffs' purchase because not a single Plaintiff visited any "flagship" or "elite" TSI Club when they came into existence.  Hence, Plaintiffs would have bought their memberships with or without access to the Elite Clubs.  Because the "all access" representation was not material to Plaintiff's purchase of Passport Memberships, and indisputably was not falsely made to induce Plaintiffs to make their purchases, the NJCFA claim must be dismissed. *DepoLink*, 430 N.J. Super. at 337-38.

### D.    Plaintiffs Cannot Plead That They Suffered An Ascertainable Loss

The NJCFA specifically requires the consumer demonstrate "an ascertainable loss of moneys or property, real or personal" that is either quantifiable or measurable or purely economical.  N.J.S.A. § 56:8-19; *see also Weinberg v. Sprint Corp.*, 173 N.J. 233, 237 (2002). Plaintiffs have failed to allege that they suffered any damage other than unsubstantiated and, frankly, unbelievable *de minimis* damages.  Therefore, this claim cannot survive a motion to dismiss.  New Jersey Courts routinely dismiss NJCFA claims that are predicated on non-

economic losses.  *Cole v. Laughrey Funeral Home,* 376 N.J. Super. 135, 144–45  (App. Div. 2005) (holding that damages for emotional distress are not recoverable as ascertainable losses under the NJCFA, and further holding that there is no claim under the NJCFA when a misrepresentation is made after the product is already sold).

Plaintiffs do not properly allege a measurable, ascertainable economic loss.  Plaintiffs do not allege that they could not exercise while at a TSI gym.  *See Hoffman v. Hampshire Labs, Inc. and Video Age, Inc.,* 405 N.J. Super. 105 (App. Div. 2009).  Furthermore, Plaintiffs do not allege that they were not given "all access" to any space or machinery within a TSI Club.  Indeed, it is indisputable that Plaintiffs were capable of performing various exercises on a plethora of exercise machinery and in exercise classes within hundreds of TSI clubs.  Additionally, Plaintiffs do not allege that their access to any TSI Club, including the Elite Clubs, was *taken away*.  Each Plaintiff has the same access to TSI clubs that they received when contracting with TSI. Plaintiffs' claimed monetary loss is purely hypothetical and speculative.   Therefore, the facts as alleged in the complaint do not constitute an "ascertainable loss" under N.J.S.A. 56:8-19.

While "either out of pocket loss or a demonstration of loss in value will suffice to meet the ascertainable loss hurdle," in this case, Plaintiffs have, quite literally, not suffered a monetary loss, but have instead received their bargained-for gym services.  *See Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 248 (2005) (holding that fuel gauge that misrepresented amount of fuel in new Mercedes, causing plaintiff to run out of gas, was not an ascertainable loss because the car still functioned).  In other words, TSI has at all times provided Plaintiffs with a place to exercise at the very same TSI Club locations that were initially bargained-for.

*First,* Plaintiffs do not adequately allege an ascertainable loss under the "out of pocket" theory.   This theory "may include the purchase price of a misrepresented product if the

purchasers did not receive a refund and the seller's misrepresentations rendered the product essentially worthless." *Mann v. TD Bank, N.A.,* 2010 WL 4226526, at *5 (D.N.J. Oct. 20, 2010). Significantly, however, the "out-of-pocket" theory does not apply if, as here, the plaintiff received something of value. *Id.* at *6. Plaintiffs admit that they received something of value – access to all TSI Clubs except for, eventually, the Elite Clubs. Plaintiffs thus cannot avail themselves of this theory of loss.

*Second,* Plaintiffs do not adequately allege an ascertainable loss under the "loss in value" theory. They fail to plead the price they should have paid for the Passport Memberships and do not plead the cost of any allegedly comparable membership values. Rather, Plaintiffs merely state that they have suffered some unqualified loss by regurgitating the damage element of their cause of action. Such conclusory allegations cannot form the basis of Plaintiff's fraud-based claim (or any claim, for that matter). Because the Court cannot quantify the difference in value between the item promised and the item received, Plaintiffs' NJCFA claim must be dismissed.

## POINT X

### PLAINTIFFS' RIUTPCPA CLAIM FAILS AS A MATTER OF LAW AND MUST BE DISMISSED BECAUSE TSI HAS NOT COMMITTED AN UNFAIR PRACTICE AND PLAINTIFFS SUFFER NO ASCERTAINABLE LOSS

#### A.   Plaintiffs Have Not Pleaded Facts That Show TSI's Conduct Was Unfair Or Material Under RIUTPCPA

As an initial matter and for the same reasons above, Rhode Island lacks sufficient interest to see its law applied. Plaintiffs do not allege additional facts that would trigger the application of RIUTPCPA. Plaintiffs claim should therefore be dismissed.

TSI's conduct was neither unfair nor material to Plaintiffs' purchase of their Passport Memberships. The RIUTPCPA "creates a private right of action for consumers who are injured by unfair methods of competition and unfair or deceptive acts or practices." RIUTPCPA § 6-13-

1-1, *et seq.*; *Foraste v. Brown Univ.*, 248 F. Supp. 2d 71, 81 (D.R.I. 2003).  Rhode Island Courts must give "due consideration and great weight" to the Federal Trade Commission's interpretations of the Federal Trade Commission Act. 15 U.S.C. § 45(a)(1), when interpreting its own statute.  *See* RIUTPCPA § 6-13.1-3.

Under RIUTPCPA, Rhode Island Courts consider a trade practice deceptive when the plaintiff establishes "(1) a representation, omission, or practice, that (2) is likely to mislead consumers acting reasonably under the circumstances, and (3), the representation, omission, or practice is material." *Long*, 93 A.3d at 1003 (quoting *F.T.C. v. Verity International, Ltd.*, 443 F.3d 48, 63 (2d Cir. 2006)).  A representation is material if it "involves information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product. *Long v. Dell, Inc.*, 93 A.3d at 1003.

Here, TSI's conduct was neither deceptive nor material.  As mentioned above, TSI sold their Passport Memberships prior to 2017.  At that time, there were no distinctions between memberships.  Thus, "all access" was indeed provided to eight Plaintiffs.  Further, after 2017 in New York, Plaintiffs were made aware of the membership distinctions in the very advertisements and websites they allegedly relied on.  However, even if TSI's representations were deceptive, they certainly were not material in a way that affected Plaintiffs' decisions as consumers.  After the Elite Clubs came into existence, Plaintiffs did not visit any of them.  This plainly suggests that access to such Clubs had no influence on Plaintiffs' decision to purchase Passport Memberships.  Therefore, Plaintiffs' RIUTPCPA claim should be dismissed with prejudice.

### B.    Plaintiffs Cannot Show An Ascertainable Loss Under RUITPCPA

Plaintiffs have failed to plead an ascertainable loss under RIUTPCPA.  A plaintiff is required to show an "'ascertainable losses of money or property, real or personal,' caused by a

deceptive act or practice in connection with the purchase or lease of goods or services primarily for personal use." *Laccinole v. Twin Oaks Software Dev., Inc.*, 2014 U.S. Dist. LEXIS 73879, at *23-24 (D.R.I. May 1, 2014).   Here, Plaintiffs have not shown an ascertainable loss because Plaintiffs do not plead that they are receiving less than what they bargained for.   Plaintiffs have the same access to the same TSI clubs.   Hence, Plaintiffs' Passport Memberships are no less valuable now than they were at the time of contract.   Without an ascertainable loss, Plaintiffs' RIUTPCPA claim should be dismissed.

## POINT XI

## PLAINTIFFS' VCPA CLAIM FAILS AS A MATTER OF LAW AND MUST BE DISMISSED BECAUSE PLAINTIFFS DID NOT RELY ON A FRAUDULENT ACT AND DID NOT SUFFER A LOSS

### A.      Plaintiffs Did Not Rely On Any TSI Misrepresentation

Similar to the arguments above, the VCPA does not apply here because Plaintiffs do not allege that they visit any TSI Club in Virginia, that they were charged fees to access any TSI Club in Virginia, that they were denied access to any TSI Club in Virginia, or that an "elite" or "flagship" TSI Club exist in Virginia.   Accordingly, Virginia Law should not be applied and Plaintiffs VCPA claim should be dismissed.

Plaintiffs VCPA claim fails because Plaintiffs rely on a representation that was factually accurate.   The VCPA prohibits specific 'fraudulent acts or practices committed by a supplier in connection with a consumer transaction' *Cooper v. GGGR Invs., LLC*, 334 B.R. 179, 188 (E.D. Va. 2005); *Owens v. DRS Auto. Fantomworks, Inc.*, 288 Va. 489, 498 (2014).   Further, the VCPA requires a plaintiff show that he or she relied on the alleged misrepresentation.   *See Cooper*, 334 B.R. at 188 ("in order to sustain a claim under the VCPA, a plaintiff must prove that the defendant acted with an intent to deceive or otherwise mislead, i.e., with fraudulent intent, as

to a material fact *on which the plaintiff relied to his detriment* and which resulted in measurable damages."); *see also Owens*, 288 Va. at 498 ("[t]he VCPA, however, still requires proof, in misrepresentation cases, of the elements of reliance and damages."). A plaintiff must adhere to the heightened pleading standard by pleading, at a minimum, the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Murphy v. Capella Educ. Co.*, 589 F. App'x 646, 652 (4th Cir. 2014) (dismissing a plaintiff's claim for failing to "allege with specificity facts that would constitute a misrepresentation.").

Plaintiffs fail to plead reliance on a misrepresentation. If Plaintiffs relied on TSI's representation that Passport Members have "all access" to TSI Clubs at the time of purchase, and no Elite Clubs existed, then Plaintiffs were induced by an accurate statement. Further, Plaintiffs do not allege facts with the requisite specificity. Thus, Plaintiffs' VCPA claim should be dismissed with prejudice.

### B. Plaintiffs Suffered No Loss As A Result Of TSI's Conduct

Plaintiffs received nothing less than what they bargained for and thereby have not suffered a loss. In order to sufficiently plead a claim under VCPA § 59.1-204(A), a plaintiff must allege that he or she suffered a loss. *See Polk v. Crown Auto, Inc.*, 228 F.3d 541, 543 (4th Cir. 2000) (holding that because the plaintiff alleged "no loss as a result of the violation, the district court did not err when it granted summary judgment."). Here, as mentioned above, Plaintiffs had access to all TSI Clubs when they contracted for Passport Memberships. TSI later made the Elite Clubs available for additional fees. As alleged in the Complaint, Plaintiffs have access to their same Clubs, however, not the Elite Clubs. Accordingly, Plaintiffs suffered no loss.

## POINT XII

### PLAINTIFFS' BREACH OF CONTRACT CLAIMS FAIL BECAUSE TSI PERFORMED UNDER THE APPLICABLE AGREEMENTS

Plaintiff's breach of contract claims are equally as deficient and implausible, and therefore, must be dismissed.  To establish a claim for breach of contract, Plaintiffs must allege: (1) the existence of valid agreements; (2) the agreement was fully performed by Plaintiffs; (3) TSI failed to perform; and (4) resulting damages.  *Noise in The Attic Prods., Inc. v London Records*, 10 A.D.3d 303 (1st Dep't. 2009).  In this case, Plaintiffs' allege two theories of liability for TSI's alleged contractual breaches.  First, Plaintiffs collectively allege that TSI failed to honor the terms of their contracts by denying them access to Elite Clubs, despite purchasing "all access" to any TSI club.  Compl. ¶ 1.  Second, Plaintiffs Carly Pisarri and Aubily Jasmin allege TSI breached their contract with them on an individual basis when TSI unilaterally terminated their membership agreements.  Both claims fail as a matter of law.

### A.      Plaintiffs' Breach of Contract Claim Fails As a Matter of Law

TSI has not breached their contracts with Plaintiffs because TSI acted within the terms of the agreement when charging additional fees for access to the Elite Clubs.[9]  The most glaring omission from each agreement is the presence of any provision containing the "all-access" language.  In other words, there is no contractual basis supporting Plaintiffs' alleged right to access all TSI Clubs, including the Elite Clubs that did not exist when Plaintiffs signed their contracts.  Plaintiffs fail to allege that their agreements permit Passport Members access to all future TSI Clubs.  For that reason alone, TSI has not breached their contracts with Plaintiffs.

Additionally, the Passport Membership agreements, entered into by each of the named Plaintiffs, contained the following, or substantially similar, language:

---

[9] As a threshold matter, the validity of each agreement is not in dispute.

> **2.2     Use Privileges**. Additional fees may apply if you use clubs
> or services outside of your membership privileges.

*See* Siachos Decl. Ex. A.  This provision unequivocally gives TSI the contractual right to charge

fees for clubs that are outside of the Passport Membership privileges.  Further, notwithstanding

Section 2.2, TSI reserves their right to change the rules of the club, which are incorporated into

each Plaintiff's agreement by reference:[10]

> **4.14     Changing These Rules.**  TSI has the right to change these
> Rules at any time.  TSI will notify members of any changes, and
> TSI will consider that a member has accepted the changes if such
> member keeps or uses his or her membership card after receipt of
> our notice.  If a member does not accept the changes, such member
> may terminate his or her membership in the manner provided on
> the front of the contract.

As of certain dates in 2017 (*see* footnote 1, *supra*), the Elite Clubs located in New York required

an additional fee.  TSI exercised their right under the aforementioned provisions to charge

additional fees for Elite Clubs and modify membership distinctions.  Plaintiffs cannot later claim,

in light of Section 2.2 and 4.14, that Passport Memberships are forever endowed with the

privilege to access every future TSI Club, even those erected years with higher quality

equipment, services, and amenities.  This would certainly constrain TSI's ability to grow their

company, change their business model, and expand their accessibility to their consumers.

Establishing various membership levels is indeed commonplace among corporations offering

gym services.[11]  Accordingly, TSI has not breached their contracts with Plaintiffs and Plaintiffs'

claim should appropriately be dismissed.

### B.     Plaintiffs Carly Pisarri and Aubily Jasmin's Individualized Claims For Breach of Contract Claim Fail As a Matter of Law

---

[10] Each Plaintiff has acknowledged in their agreements that they have "received and will comply with the rules and regulations of TSI."  *See* Siachos Decl., Exhibit B.

[11] For example, 24 Hour Fitness offers its members "Single-Club;" "Super-Sport;" or "Ultra-Sprort" levels of membership.  *See* 24 Hour Fitness, Membership Options, available at https://www.24hourfitness.com/membershipSalesOnline/pos/large?execution=e2s1 (last accessed, April 26, 2018).

Similarly, Plaintiffs Pisarri's and Jasmin's individual breach of contract claims fail as a matter of law.  Pisarri and Jasmin allege that TSI has breached it contract with them by refusing to provide them with access to any TSI Club in retaliation to their filing of the instant lawsuit. However, Plaintiffs Pisarri and Jasmin have misstated the plain language in the agreement by presenting only a portion of the provision's language for this Court.  However, the language Plaintiffs refer to reads in its entirety as follows:

> **Revocation of Membership.**  At the discretion of TSI, a membership may be revoked at any time, or extension of a membership may be denied if, in the reasonable judgment of TSI, the member consistently failed to observe the rules and regulations or has otherwise behaved in a manner contrary to the best interests of the club(s) or the club(s) members.

TSI determined, within their reasonable judgment, that while exercising at TSI's Clubs, Plaintiffs Pisarri and Jasmin were indeed behaving in a manner that was detrimental to the club and that would potentially drive TSI customers away.  First, it is indisputable that they have brought a lawsuit against TSI asserting claims that TSI believes are utterly frivolous.  Even this Court stated in its April 18, 2018 Order that "the probability that plaintiffs will prevail on the merits is poor."  *See* Siachos Decl. Exhibit F.  Consumers misusing remedial statutes to make frivolous or specious claims are not a protected class in any state.  Second, Plaintiffs have been mining for other class reps.  Upon information and belief, Plaintiffs have recruited several TSI members to join the instant lawsuit while exercising at their club.  Third, Plaintiffs' counsel brought an additional other lawsuit in the Eastern District of New York.  *See Lehnert v. Town Sports International, LLC, et al.*, No. 18-cv-02705 (MKB)(RLM) (E.D.N.Y. May 7, 2018) Accordingly, and within the terms of their respective agreements, TSI terminated Plaintiff Pisarri's and Jasmin's Passport Memberships, as within their right under Paragraph 2.1,

referenced above, and within their rights under common law.  Accordingly, TSI did not breach their agreement with Plaintiffs Pisarri and Jasmin when it terminated their memberships.

**POINT XIII**

**PLAINTIFFS' COMMON LAW FRAUD CLAIM FAILS AS A MATTER OF LAW BECAUSE THE COMPLAINT FAILS TO SATISFY THE HEIGHTENED PLEADING STANDARD OF FRCP 9(B)**

A common law fraud claim in New York requires a plaintiff plead with particularity "(1) misrepresentation of a material fact; (2) the falsity of that misrepresentation; (3) scienter, or intent to defraud; (4) reasonable reliance on that representation; and (5) damage caused by such reliance." *Martin Hilti Family Tr. v. Knoedler Gallery, LLC*, 137 F. Supp. 3d 430, 482 (S.D.N.Y. 2015).  In a diversity action where state law governs fraud claims, such as here, the heightened pleading requirements of Fed. R. Civ. P. 9(b) apply.  *Martin Hilti Family Tr. v. Knoedler Gallery, LLC*, 137 F. Supp. 3d at 482.  To plead with particularity, New York requires Plaintiffs allege that: (1) TSI made a false representation to Plaintiff; (2) TSI knew of the falsity or was recklessly indifferent to the truth of the representation; (3) TSI intended to defraud Plaintiff; (4) Plaintiff justifiably relied upon the misrepresentation; and (5) Plaintiff was injured.  *See Kottler*, 607 F. Supp. 2d at 462.  As set forth herein, the Amended Complaint lacks the precision and adequate substantiation required under Rule 9(b).

**A.       Plaintiffs Fail To Plead A False Representation Of Fact**

In support of their fraud claim (Count X), Plaintiffs first allege that TSI "engaged in fraudulent conduct by knowingly and/or intentionally making false and misleading statements to Plaintiffs and the Class, that the Passport Membership provided all-access to TSI gym locations" *See* Compl. at ¶ 114.  This allegation is directly contradicted by the facts pleaded in Paragraphs 11 through 19, which establish that all but one Plaintiff purchased his or her membership before

40

2017.   Again, Plaintiffs acknowledged during oral arguments in deciding the Motion for a Temporary Restraining Order that TSI's model changed in 2017.  *See* Siachos Decl., Ex. B, pg. 3, ¶¶ 4-22.   Further, TSI conspicuously qualified their "all-access" statement with language identifying which TSI Clubs (i.e., the Elite Clubs), required additional fees.  As set forth herein, *supra*, all of TSI's foregoing "all-access" representations were therefore either true, mere puffery, or did not appear in the Passport Membership Agreements (but rather allegedly appeared on TSI's websites, which Plaintiffs do not allege they visited with the requisite specificity).

Most significantly, Plaintiffs woefully fall short of the specificity required in pleading a fraud claim.  Plaintiffs to not allege they visited the Elite Clubs, at what time and on what date they visited each Elite Club, when and where they received the alleged misrepresentation, who provided them with the misrepresentation, or how Plaintiffs were harmed from such misrepresentation.  Rather, Plaintiffs merely restate the elements of a fraud claim.  which fails to satisfy the heightened pleading standard.

**B.**      **Plaintiffs Fail to Establish That TSI Intended To Defraud Them**

Finally, Plaintiffs fail to establish that TSI intended that Plaintiffs rely to their detriment on the "all-access" representations.   Plaintiffs allege in Paragraphs 114 through 116 of the Complaint that, TSI "knowingly and/or intentionally" made false statements upon which Plaintiffs "reasonably and justifiably relied."  However, this is a mere recitation of the common law fraud element.  Plaintiffs are merely inferring that TSI intended to defraud Plaintiffs without alleging any facts suggesting such.

<u>**POINT XIV**</u>

<u>**PLAINTIFFS' RETALIATION CLAIM FAILS AS A MATTER OF LAW AND MUST BE DISMISSED**</u>

Plaintiff's retaliation claim fails as a matter of law because New York does not provide

Plaintiffs with a cause of action, nor do Plaintiffs specify the authoritative basis for their claim. As stated above, it was within TSI's contractual right and their sole discretion to terminate Plaintiffs Pisarri's and Jasmin's Passport Memberships.   TSI determined that Pisarri's and Jasmin's conduct was detrimental to the club.   TSI appropriately exercised their right to terminate.

Plaintiffs do not allege facts that would prove TSI terminated Plaintiff Pisarri's and Jasmin's Passport Memberships solely because of the fact that the lawsuit was filed.  In fact, TSI continued to permit Plaintiffs' access to TSI clubs even after they filed their lawsuits.  It was only after TSI observed Plaintiffs Pisarri's and Jasmin's detrimental conduct, while exercising at TSI Clubs after the lawsuit was filed, that their agreements were terminated.  Plaintiffs plead in conclusory fashion in order to disguise their baseless claims and pile on to their already monotonous Complaint.  Accordingly, Plaintiffs Pisarri's and Jasmin's "retaliation" claim should be dismissed.

## POINT XV

## PLAINTIFFS' PRIMA FACIE TORT CLAIM FAILS AS A MATTER OF LAW AND MUST BE DISMISSED

Plaintiffs' fail to allege a prima facie tort claim.  To plead a *prima facie* tort claim, a plaintiff in New York must allege "(1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful."  *Goodfellow v. Allstate Indem. Co.*, No. 14-CV-642S, 2014 U.S. Dist. LEXIS 177835, at *6 (W.D.N.Y. Dec. 27, 2014) (quoting *Freihofer v. Hearst Corp.*, 65 N.Y.2d 135, 142-43 (1985)).  Further, a plaintiff must allege that malevolence was the sole motive for the defendant's otherwise lawful act.  *Id.*  Thus, a prima facie tort claim will not survive a motion to dismiss where other motives, "such as profit, self-interest, or business

advantage," drove the defendant's actions.  *Bear, Stearns Funding, Inc. v. Interface Grp. -- Nev., Inc.*, 361 F. Supp. 2d 283, 307 (S.D.N.Y. 2005).  Further, "in order to commit a prima facie tort, the tortfeasor must act with an intent 'unmixed with any other and exclusively directed to injury and damage of another.'"  *Id.*  A prima facie tort "is not a catch-all alternative for every cause of action which cannot stand on its own."  *Id.*

Plaintiffs' Count XIII is woefully deficient and is clearly pleaded as a "catch-all" alternative.  Plaintiffs allege that TSI committed an intentional tort by terminating Plaintiffs Pisarri's and Jasmin's membership agreements.  However, Plaintiffs Pisarri and Jasmin fail to allege that TSI intentionally inflicted harm upon them or that they were harmed at all.  They are not being deprived of their ability to exercise; Plaintiffs Pisarri and Jasmin are free to contract with another gym to do so.  Further, Plaintiffs Pisarri and Jasmin are not required to pay TSI as their memberships were terminated.  Additionally, as long self-interest is a motivating factor, Plaintiffs cannot sustain their tort claim.  It is clear that TSI was solely motivated by profit and self-interest, i.e., preventing harm to the TSI's reputation.  This alone precludes Plaintiffs Pisarri's and Jasmin's tort claim.  This Court should therefore dismiss Count XIII with prejudice.

## <u>CONCLUSION</u>

For the reasons set forth herein, TSI respectfully requests the Court dismiss Plaintiffs' Complaint, with prejudice, pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Dated: New York, New York
      May 11, 2018

                        Respectfully submitted,
                        *Attorneys for Defendant Town Sports*
                        *International, LLC, Town Sports International*
                        *Holdings, Inc. d/b/a New York Sports Clubs,*
                        *Boston Sports Clubs, Washington Sports Clubs*
                        *and Philadelphia Sports Clubs*

                        **GORDON & REES LLP**

                        By: *_/s/ Peter G. Siachos_____*
                              Peter G. Siachos
                              Donald Derrico
                              Matthew P. Gallo

                        18 Columbia Turnpike, Suite 220
                        Florham Park, New Jersey 07932
                        Tel: (973) 549-2532
                        Fax: (973) 377-1911
                        E-mail: psiachos@grsm.com